Merrimack,　}
Sept. 5, 1901. }

CONCORD COAL CO. *v.* FERRIN *& a.*

In an action of assumpsit for goods delivered upon a mutual misunderstanding as to the mode of payment,— the plaintiffs believing that they were to receive the customary price, and the defendants accepting the merchandise in good faith for application upon the account of a delinquent debtor,— the fact of benefit received is insufficient to establish the legal duty of payment, in the absence of evidence disclosing a contract in fact, express, implied, or by estoppel.

In such action the question whether the defendants are estopped to set up their understanding of the transaction, by the circumstances attending the delivery and acceptance of the goods, is one of fact ; and a general verdict in their favor embraces a finding of their freedom from fault and the absence of an estoppel.

ASSUMPSIT, for the price of a ton of coal. Facts found, and case transferred from the October term, 1900, of the supreme court, by *Blodgett*, C. J.

One Bean, being indebted to the defendants for labor upon a model of an appliance invented by him, and having been requested to make payment, informed the defendants that one of the plaintiffs, Day, was backing him, and that he would get the plaintiff company to furnish a ton of coal for application as payment upon his indebtedness ; and the defendants agreed to accept a ton of coal in part payment. Bean thereupon informed the plaintiffs that the defendants wanted a ton of coal, without saying anything about the arrangement he had made with them. The coal was delivered to the defendants and used by them in their business. The plaintiffs charged the coal to the defendants, made a written demand upon them for payment within six months after delivery, and a like demand after about a year. An oral demand was subsequently made on several occasions, and the defendants on each occasion denied their liability. The defendants credited the coal to Bean's account. Day was not in fact backing Bean, and had given him no authority to bind him in any way. The defendants knew that the coal came from the Concord Coal Company, and that the plaintiffs were a firm composed of Day and one Emmons. Both parties acted in entire good faith, but were deceived by Bean. The court found a verdict for the defendants, and the plaintiffs excepted.

*Sargent, Niles & Morrill*, for the plaintiffs.

*David F. Dudley*, for the defendants.

PARSONS, J. Both parties understood that upon the delivery of the coal the title passed to the defendants. Their misunderstanding related solely to the mode of payment. The plaintiffs understood the defendants were to pay them the customary price, and charged the coal to them. The defendants understood the coal was delivered as a payment upon Bean's indebtedness to them, and credited it upon his account. The plaintiffs understood

their delivery was of coal to be paid for in cash in the ordinary course of business. The defendants understood their acceptance was of coal for which they had already paid. To this branch of a contract of sale the parties did not agree in fact, either in terms or by inference. Hence there was no contract in fact, express or tacit (*Sceva* v. *True*, 53 N. H. 627, 632), because of the mutual mistake as to payment. As there was no contract of sale, in the absence of any estoppel, upon discovery of the mistake the plaintiffs might have retaken their coal if it remained distinguishable from other coal of the defendants, or the defendants might have required the plaintiffs to remove it. As the plaintiffs had no right of action by virtue of the mistaken acceptance of the coal, they cannot now recover except by virtue of some further facts. The additional facts stated are that the defendants used the coal in their business, and the plaintiffs within six months and subsequently made sundry demands for payment. It does not appear that the plaintiffs ever demanded the return of the coal, but, on the contrary, they appear to have uniformly insisted upon the contract as they understood it. In the original transaction both parties acted in entire good faith, but were deceived by Bean. Upon these facts the trial court found a verdict for the defendants. This verdict must stand unless the specific facts found are inconsistent therewith as matter of law.

The plaintiffs' claim is that the defendants by their use of the coal charged themselves with the legal duty of paying for it in accordance with the plaintiffs' understanding of the contract rather than their own, or at least of paying anew in money the usual price or value of the coal. The question is: How ought the coal to be paid for,—in accord with the understanding of the plaintiffs, or with that of the defendants? It is manifest that if the plaintiffs had accompanied the delivery of the coal with an invoice charging the defendants with the price, or had informed them it was delivered on their credit, or if before delivery the plaintiffs had inquired of the defendants as to Bean's authority, or if the defendants before accepting the coal had informed the plaintiffs that they accepted it only for application on Bean's debt, the controversy would have been avoided. Whether under all the circumstances the defendants accepted or the plaintiffs delivered the coal under such circumstances that either of them are now estopped to set up their understanding of the transaction, is mainly a question of fact. If it were found that the defendants were thus in default, they would be bound in contract by estoppel (*Sceva* v. *True, supra*); while if the plaintiffs were considered to be similarly estopped, the case

would also be determined upon that ground. As the general verdict is found for the defendants, it must be understood at least to embrace a finding that no estoppel exists against the defendants. *Strafford Savings Bank* v. *Church,* 69 N. H. 582.

The facts disclose no contract in fact, express, tacit, by estoppel, or implied in fact; and the sole remaining question is whether the facts establish a contract implied in law, or a contract of legal duty, sometimes called a *quasi* contract. *Sceva* v. *True, supra.* A promise to pay what it is one's legal duty to pay is implied by law. *Bixby* v. *Moor,* 51 N. H. 402, 403, 404; *Eastman* v. *Clark,* 53 N. H. 276, 280; *Sceva* v. *True,* 53 N. H. 627, 631–633; *North Haverhill Water Co.* v. *Metcalf,* 63 N. H. 427; *Gage* v. *Gage,* 66 N. H. 282, 283; *Clark* v. *Sanborn,* 68 N. H. 411. In this case the legal duty is wanting, unless it can be predicated upon the mere possession and use of property.

The mere fact of benefit received is insufficient to establish the legal duty of payment. *Clark* v. *Sanborn, supra,* is precisely in point. There the plaintiff was unable to recover for services valuable to the defendants, rendered under the expectation that they would be paid for, for the reason that the defendants did not accept the services with the understanding that they were to make payment. In the absence of privity of contract, the mere possession and use of property will not imply a promise to pay for it. *Boston Ice Co.* v. *Potter,* 123 Mass. 28; *Hills* v. *Snell,* 104 Mass. 173, 177; *Boulton* v. *Jones,* 2 H. & N. 564; Benj. Sales, ss. 59, 416.

It is contended that the plaintiffs can recover because otherwise the defendants would be unjustly enriched at the plaintiffs' expense. But that fact is not found. Both parties trusted and were deceived by Bean. If the plaintiffs cannot recover of the defendants for the coal, they have a claim against Bean for its value; while if the defendants were obliged to pay for the coal, they would also have a claim against Bean for the same amount. It may be assumed that Bean is worthless. But there is no equitable reason why the plaintiffs rather than the defendants should be released from the consequences of their trust in Bean. In view of the inference of freedom from fault which the general verdict finds for the defendants, the defendants' equity is at least equal with that of the plaintiffs. As no facts are found inconsistent with the general verdict found for the defendants, the verdict cannot be disturbed.

*Exception overruled.*

BLODGETT, C. J., did not sit: the others concurred.