Hillsborough, }
April 5, 1904. }

ALLEN *v.* MERRIMACK COUNTY ODD FELLOWS' MUTUAL RELIEF
ASS'N.

By-laws of a mutual relief association are binding upon those who consent to
their adoption or acquiesce in their enforcement, although they are irregu-
larly enacted and may impair vested rights of the members.

It is to be presumed that all questions of fact not specially found, and of
which there is competent evidence, were determined in favor of the party
for whom a general verdict was rendered.

Certain evidence considered sufficient to warrant a finding that a member of
a mutual relief association had knowledge of amendments to the by-laws
and of the circumstances under which they were adopted, and acquiesced
in their enforcement.

ASSUMPSIT, to recover on a certificate of membership issued to
the plaintiff's husband by the defendant association. Trial at the
September term, 1903, of the superior court before *Young, J.,*
who found a verdict for the defendants, subject to the plaintiff's
exception.

The certificate stated that the assured was a member of the
association and entitled to all the privileges and benefits thereof,
so long as he complied with its by-laws as then existing and such
as might thereafter be made, and no longer. The application for
membership stated that the asssured was thirty-two years of age
and in good health; and he therein agreed to abide by the laws,
rules, and regulations of the association then in force or that might
thereafter be made, to pay promptly to the secretary all assess-
ments authorized by the laws of the association upon being notified
thereof, and if in default to forfeit his membership and all his
rights and privileges. The by-laws in force when he became a
member were changed in 1888. As amended, they required him
to pay to the secretary upon the death of a member, and within
thirty days after notice, an assessment of eighty cents, and upon his
death entitled his beneficiary to receive a sum representing one dol-
lar for each surviving member, but not to exceed $1,000. Upon
one month's notice in writing, a motion to repeal, alter, or amend
the by-laws could be adopted by a two-thirds vote of the members
present and voting.

In January, 1900, thirteen death benefits were due and unpaid,
and the directors of the association called ten assessments in that
month. This created such dissatisfaction among the members that
many withdrew and others threatened to do so. It was apparent
that, if the association was to continue in business, some method

must be devised to induce new members to join. The attention of members was called to the serious financial condition of the association in the notice for the semi-annual meeting, which was mailed to each member on July 2, 1900. At that meeting, held July 20, the following motion was adopted: " I move that this meeting adjourn to four weeks from to-night, to wind up the association and devise some new way to insure the members, and that the directors let the business stand as it stands to-day." The meeting was adjourned to August 17.

July 23, a notice signed by the president and secretary was mailed to each member of the association, stating that at the previous meeting a resolution in favor of paying one half the July call for assessments from the guaranty fund was defeated, reciting the motion above quoted and the fact of its adoption, announcing that an adjourned meeting would be held on August 17, and concluding as follows: " The discontinuance of the association and the formulation of new plans for the future, as contemplated by the above vote, is a matter of the utmost importance to every member, and there should be a large attendance at this meeting to give the subject due consideration." The adjourned meeting was held August 17 and again adjourned to August 24; and on the latter date, without notice except as above, by-laws were adopted providing that assessments should be paid monthly and that the amount to be paid should be regulated according to the age of members at the date of admission. According to this schedule, the assured was required to pay $1.20 each month. It was also provided that the beneficiary of a member fifty years of age and over at the time of the adoption of these by-laws should receive a sum equal to, but not exceeding, the total amount of all assessments paid by him at the date of his decease, until the guaranty fund should amount to $10,000.

These by-laws went into effect August 24, 1900, and a copy of them was mailed to the plaintiff's husband within a few days after their adoption. At that time he was more than fifty years of age. He knew or ought to have known of the changes in the by-laws at the time they were made or shortly after, and with this knowledge he continued to pay monthly assessments until his death on January 25, 1902, without doing anything to notify the association that he did not assent to the amendments. At the time of his death there were 910 members of the association in good standing, the assessments he had paid amounted to $293.40, and the guaranty fund did not amount to $10,000. The plaintiff is the beneficiary of the assured; and before this action was begun the defendants sent her a check for $293.40, which she retained, but declined to accept in satisfaction of her claim.

*Wason & Moran*, for the plaintiff.

*Albin & Shurtleff* and *Henry F. Hollis*, for Harry J. Brown, receiver of the association.

BINGHAM, J.   The meeting warned for August 17, 1900, was not legally held, the month's notice required by the by-laws of the association not having been given; and if we assume that the written notice that was given did not sufficiently indicate the nature of the business to be considered at that meeting, or that the by-laws which were enacted introduced changes of such a fundamental nature as to impair vested rights of the assured (*Dow* v. *Railroad*, 67 N. H. 1; *Pain* v. *Societe*, 172 Mass. 319; *Kent* v. *Company*, 78 N. Y. 159; *Parish* v. *Produce Exchange*, 169 N. Y. 34; *Weber* v. *Supreme Tent K. of M.*, 172 N. Y. 490; *Stohr* v. *Society*, 83 Cal. 557; *Wist* v. *Grand Lodge*, 22 Or. 271; Niblack Ben. Soc. 44–66; Marsh Corp., s. 333), still the plaintiff cannot maintain this action if the assured consented to their adoption or acquiesced in their enforcement.   *Evans* v. *Asssociation*, 76 N. Y. App. Div. 151; *Morrison* v. *Dorsey*, 48 Md. 461; 2 Mor. Corp., ss. 618, 623, 630; 3 Clark & Marsh. Corp., s. 642.

There was a general verdict for the defendants.   It is to be presumed that all material questions of fact not specially found and of which there was evidence were determined in their favor. *Allard* v. *Hamilton*, 58 N. H. 416; *Noyes* v. *Patrick*, 58 N. H. 618; *Hall* v. *Nelson*, 59 N. H. 573, 574.   The question, therefore, presented by the plaintiff's exception to the verdict is whether there was evidence from which the trial court could have properly found that the assured consented to the amended by-laws or acquiesced in their enforcement.   If there was such evidence, the verdict must stand.

There was evidence that on July 23, 1900, the secretary mailed to the members of the association a written notice which stated that at the semi-annual meeting, held July 20, it was voted to adjourn to four weeks from that night, when a motion to wind up the association and devise some new way to insure the members would be considered, and that an adjourned meeting would be held for this purpose at the rooms of the association in Concord, on Friday, August 17, at 7:30 in the evening.   A meeting was held at that time and was adjourned to August 24, when certain by-laws were repealed and the laws now in question adopted.   A few days later copies of these laws were mailed to the assured.   They required him to pay an assessment of $1.20 every month to the association, and as he was over fifty years of age at the time of their adoption, entitled the plaintiff to receive upon his death only

the amount of the assessments which he had paid, unless the guaranty fund then equaled $10,000; whereas, under the old by-laws, the plaintiff would have been entitled to receive a sum equal to one dollar for each member in good standing, not in all exceeding $1,000, and the assured was required to pay but eighty cents upon the death of a member. After the enactment of the amended by-laws and down to the time of the assured's death, a period of about a year and a half, he paid to the association each month an assessment of $1.20, without notifying the association that he did not assent to the changes. From this evidence it could be found that the assured was aware of the amended by-laws and of the circumstances under which they were adopted, and assented to them or acquiesced in their enforcement.

If an amendment is procured in the superior court showing that we have misconceived the meaning of the case, and that the trial justice did not intend by the general verdict to find that the assured assented to or acquiesced in the amended by-laws, there should be a new trial; but as the case now stands, the order is

*Exception overruled.*

YOUNG, J., did not sit: the others concurred.