Coös,    }
Dec. 1, 1908. }

### LEVASSEUR v. BERLIN.

In an action against a municipality for damages resulting from the negligent construction and management of a sewer, a general verdict for the plaintiff cannot be sustained when it appears from special facts found that the defendants did not maintain the culvert in question as a common sewer, and had no knowledge it was so used.

CASE, for negligence in the construction and maintenance of a common sewer, whereby the plaintiff's cellar connected therewith was flooded and his property therein damaged and destroyed. Transferred from the April term, 1908, of the superior court by *Plummer*, J., upon an agreed statement of facts.

In March, 1906, the plaintiff purchased a house and lot on Park street in Berlin. At that time a stream of water flowed across the rear of the lot in a covered stone culvert which connected with a tile drain on the southerly side of the premises. About ten years before, the city in building a street diverted the stream so as to cross this lot. About three years later the culvert was built by the city and afterward it was continued by the tile drain. At the upper end of the culvert an iron gate was placed to screen the water passing through. The city did not maintain the watercourse as a sewer and had no knowledge that it was so used. The plaintiff enlarged and deepened the cellar under his house, and laid a drain from it connecting with the culvert in such a manner that the water of the stream might flow back. The drain was used to carry the sewage of the house until the summer of 1907, when the city constructed a sanitary sewer on Park Street and the plaintiff connected his premises therewith for sewerage purposes, leaving the drain to carry off water which accumulated in the cellar. During freshets in March, 1907, and in February, 1908, the water backed through the plaintiff's drain into his cellar, causing the damage sued for. In March, 1908, the city uncovered the culvert at the lower end, and it was found that the upper end of the tile pipe was much obstructed by an accumulation of tin cans, bottles, and other debris. The tile pipe and culvert are large enough to carry all the water of the stream, but the pipe is smaller than the culvert, and the construction at this point is such that articles like those found might naturally accumulate there. Upon the foregoing facts a verdict was given to the plaintiff.

*Herbert I. Goss*, for the plaintiff.

*Matthew J. Ryan*, for the defendants.

PARSONS, C. J.   The case does not disclose any question of law reserved in the superior court.   So far as appears, all questions there raised were settled without exception.   Strictly, therefore, there is nothing before this court upon the record.   The parties, however, have argued the validity of the verdict upon the agreed facts, and it is probable that the defendants' exception to the verdict was accidentally omitted when the record was made up for the transfer.   With that understanding the case has been considered.   The record also fails to state whether the verdict " given to the plaintiff " was understood to be so given because as matter of law the facts which had been agreed upon required such a verdict, or whether from the evidence furnished by these facts the court performing the function of a jury found the verdict.

As the fact of negligence on the part of the defendants, which is the foundation of the plaintiff's action, is not agreed, the verdict cannot be sustained as a conclusion of law from the facts stated. Neither can the verdict stand as a finding of fact; for although in such case it must be assumed that all facts necessary to support the verdict, which could be found by inference from the facts agreed, were found by the court in reaching a conclusion in favor of the plaintiff, and although there is evidence from which lack of care in the construction of the water-course at the point of connection between the culvert and tile pipe could be found, there is no evidence that the water-course was constructed or maintained as a common sewer, as alleged in the declaration.   Such a conclusion is directly negatived.   The parties have agreed that the stream flowing through the culvert was not maintained by the city as a sewer, and that the city had no knowledge it was so used.   Hence the act of the plaintiff in attempting to so use the culvert constructed by the city to carry this stream of water was a wrongful interference by him with the property of the city; and as it does not appear that the plaintiff would have been damaged except for the drain by which he connected his cellar with the culvert, he cannot claim damages from the city for an injury which would not have happened to him except for such interference.   The verdict should be set aside because the special fact found is inconsistent with the general verdict.   *Concord Coal Co.* v. *Ferrin,* 71 N. H. 33, 35.   The conclusion involved in a general verdict that the plaintiff was damaged by the defendants' negligent management or construction of a common sewer with which the plaintiff's premises were rightfully connected is negatived by the special finding that the stream was not maintained as a sewer.

The legal right of the city to maintain the culvert over the plaintiff's land is not in question.   The plaintiff did not object,

but assented to its existence and was injured by his unauthorized use of it.

*Case discharged.*

All concurred.