Merrimack, }
Dec. 7, 1909. }

## McConnell v. McConnell & a.

The statute declaring that contracts made by a person under guardianship are invalid (P. S., c. 177, s. 25) does not prevent a ward from binding himself for necessary expenditures, by an implied promise to pay therefor.

Questions of fact necessarily involved in a general finding are presumed to have been determined in favor of the party for whom a verdict is rendered, and to have been supported by competent evidence unless the contrary appears.

A married woman who has procured necessaries solely on her own credit cannot avoid payment on the ground that the undertaking was for her husband or in his behalf.

A finding that a married woman lived with her husband's parents as a boarder is sufficient to rebut any inference or presumption that her support was gratuitously furnished because of a family relationship.

WRIT OF ENTRY, for the foreclosure of a mortgage. Trial by the court. Transferred from the October term, 1908, of the superior court by *Chamberlin*, J. The issue tried related to the validity of the defendants' set-off, in which the plaintiff was charged for the board of herself and children for a period of two years and two months.

The plaintiff's husband is the defendants' son. In March, 1902, she went with her child to the defendants' home and remained there until June, 1904. She became twenty-one years of age on April, 29, 1904, when the note and mortgage in suit were turned over to her by her guardian. When she went to the home of the defendants nothing was said about her board; but both before and after she became of age the matter of the board of herself and children was mentioned several times. After she became of age she told the defendants they might apply the board upon the mortgage debt. There was no agreement between the parties as to the price of the board. The plaintiff did some work in the defendants' home that was of some value. The plaintiff's husband is not financially responsible, and the defendants never looked to him for the board, but gave credit to the plaintiff. The court found that the plaintiff was liable for the reasonable price of the board and allowed the set-off to that extent, and the plaintiff excepted.

*Almon F. Burbank*, for the plaintiff.

*Martin & Howe* and *Joseph A. Donigan*, for the defendants.

WALKER, J.    It is argued that the court erred in allowing, by way of set-off, the defendants' account for the board of the plaintiff and her children while she was a minor, because during that time she was under guardianship.    This contention is based upon a strict and literal construction of section 25, chapter 177, Public Statutes, which provides that "no contract of any nature whatever, made by a person under guardianship, after the appointment and during the continuance of the guardianship, shall be valid in law."    But as the court remark in *McCrillis* v. *Bartlett*, 8 N. H. 569, 571, "this provision of the statute must have a reasonable construction.    It cannot have been intended to render invalid all implied contracts; for such construction might expose the party to actual suffering for the necessaries of life, or oblige the town to maintain him and his family as paupers for a time, when he had ample means for their support, and thus produce the very mischief it was intended to prevent.    And we are of the opinion that it cannot be construed to prevent the party from binding himself for necessary expenditures, by an implied contract, although a note, or special contract for price or time of payment, would come within its prohibition."    This construction of the statute was referred to with approval in *Young* v. *Stevens*, 48 N. H. 133, 137, where it is said: "In *McCrillis* v. *Bartlett*, 8 N. H. 569, it has been settled that, although the statute may avoid the contracts of spendthrifts for their protection, yet at the same time it does not avoid their implied contracts or liabilities for necessaries."

As the statute was evidently enacted for the protection of wards against their improvidence, the legislative purpose, as explained more than seventy years ago in *McCrillis* v. *Bartlett*, cannot now be overcome by technical reasoning based on verbal refinement. Having received food and lodging from the defendants with the understanding that the necessaries thus furnished should be paid for, and not deemed a gift, the plaintiff became bound by an implied promise to pay the defendants what the accommodation was reasonably worth.    The fact that she was under guardianship did not deprive her of any legal ability she otherwise had to provide for her reasonable sustenance.    Although she was a minor, it is not claimed that the common law relating to minors prevents them from incurring obligations by implication of law which inure to their benefit.    *Hall* v. *Butterfield*, 59 N. H. 354.    Such an obligation she incurred to the defendants and ratified it after becoming of age, unless for some reason, not already considered, she did not as a matter of law incur that liability.

The facts reported necessarily imply a finding, and are based upon the fact, that under the circumstances attending her situation the food and lodging furnished her by the defendants were

necessary. This fact is involved in the general finding; and as the competency of the evidence to support such a finding is not questioned, its existence as a fact must be assumed, upon the general principle that a verdict is presumed to be supported by the evidence unless the contrary appears; or, as otherwise stated, that the excepting party must show that it is unsupported as a legal deduction from the evidence. *Concord Coal Co.* v. *Ferrin*, 71 N. H. 33, 35; *Wheeler* v. *Stock Exchange*, 72 N. H. 315, 319; *Busher* v. *Insurance Co.*, 72 N. H. 551, 553. This finding effectually disposes of the plaintiff's claim that since her husband was bound to support her, her promise was not "binding on her" because it was "an undertaking by her for him or in his behalf," within the meaning of section 2, chapter 176, Public Statutes. Whether the defendants might have furnished board for her on his credit is not the question (*Walker* v. *Leighton*, 31 N. H. 111), for the fact is that they did not; they make no claim against him therefor and may have been unwilling to board her on his credit. It follows that her promise was not an undertaking in his behalf. He was not liable to the defendants for her board. *Hill* v. *Goodrich*, 46 N. H. 41. The statute "was not intended to preclude the wife . . . from contracting for necessaries for herself and her family, although the duty of supplying them rests by law upon the husband." *Parsons* v. *McLane*, 64 N. H. 478, 479; *Iona Savings Bank* v. *Boynton*, 69 N. H. 77; *Ott* v. *Hentall*, 70 N. H. 231, 235.

The plaintiff makes the additional contention that no promise on her part can be implied because of the family relationship existing between her and the defendants; or in other words, that the board was furnished gratuitously. Although she was a daughter-in-law of the defendants, it does not appear that she was a member of their family, sharing in "the mutuality of the benefits rendered and received by the members of a single family." *Page* v. *Page*, 73 N. H. 305. The finding of the court is that she was a boarder, which rebuts any inference or presumption that she sustained a family relationship to the defendants, in consequence of which they supplied her with food gratuitously; for there is no inconsistency in the finding that she was both a daughter-in-law and a debtor to the defendants. And so far as appears, the evidence was sufficient to support the finding that her *status* was that of a debtor. The facts that she was a minor, that she was under guardianship, and that she had a husband, do not establish her incapacity as a matter of law to be bound by an implied promise to pay for her board, or to become liable therefor by her ratification after becoming of age.

Whether there is a distinction in law between her liability for the board of her children and that of herself, which is material in

this case, is a question that does not appear to have been considered at the trial; and as it has not been argued by her in this court that such a distinction exists, it is presumed that she did not desire to litigate that question.

*Exception overruled.*

All concurred.