### CROSBY A. SANBORN  v.  BOSTON & MAINE RAILROAD.

Article 14 of the bill of rights does not entitle a party to a second trial on the
ground of newly discovered evidence, as a matter of right; and in order to obtain
such relief, it is incumbent on him to show that he is free from fault and that a
different result will probably be reached if his application is granted.

A denial of a motion for a second trial, on the ground that newly discovered evi-
dence would be excluded for remoteness, does not deprive the moving party of
the trial by jury guaranteed to him by article 20 of the bill of rights.

MOTION for a new trial, on the ground of newly discovered
evidence. The case is the same as that reported 76 N. H. 523,
where it was held that the evidence did not warrant the conclusion
that the defendants had given the plaintiff to understand they
would keep the spurs sharp upon the ladder which he was using
at the time of his injury. The new evidence, in substance,
was (1) that it was the custom of the man in charge of the planer
to sharpen the spurs and (2) that other workmen who had occasion
to use the ladder did so without making an examination of it.
The superior court found that the plaintiff was not at fault in fail-
ing to offer the new evidence at the trial and that such evidence,
if relevant, was so remote and inconclusive that justice did not
require the granting of a new trial, and denied the present motion,
subject to the plaintiff's exception. Transferred from the October
term, 1913, of the superior court by *Pike*, C. J.

*Robert W. Upton* (by brief and orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Woodworth* orally),
for the defendants.

YOUNG, J. As the case is understood, the court found in effect
that if a new trial were granted it would not change the result,
because it would be the court's duty to exclude for remoteness
the evidence by which the plaintiff seeks to sustain his contention.
In other words, the court found that if the evidence on which the
plaintiff relies is relevant to the issue of what the defendants gave
their employees to understand in respect to the sharpening of the
spurs on the ladder, the inference that can be drawn from it is so

uncertain and remote that it is more likely to prevent than to promote the discovery of the truth. It cannot be said that there is no evidence to support this finding.

There is no merit in the plaintiff's contention that the denial of his motion for a new trial is a violation of his right to "a certain remedy . . . for all injuries he may receive" (Bill of Rights, art. 14), or that the court's finding, that if the new evidence is relevant it should be excluded on the ground of remoteness, deprives him of his constitutional right to a jury trial. Bill of Rights, art. 20. Article 14 of the bill of rights does not entitle him to a new trial as a matter of right. In order to obtain such relief he must show not only that he is free from fault, but also that a different result will probably be reached if he is given a new trial. P. S., c. 230, s. 1; Crafts v. Insurance Co., 36 N. H. 44, 50; Dennett v. Dennett, 44 N. H. 531, 535. Although the plaintiff has a constitutional right to have a jury pass on any competent evidence he may produce (St. Pierre v. Foster, 75 N. H. 11), he has no right, constitutional or otherwise, to have the jury pass on the competency of the evidence by which he proposes to prove his case.

*Exception overruled.*

PLUMMER, J., was absent: the others concurred.