### Theresa McGinley v. Maine Central Railroad Co.

In order to maintain a petition for a new trial under P. S., c. 230, s. 1, on the ground of newly discovered evidence, the petitioner must, among other requisites, establish that a different result will probably, and not merely possibly, be reached thereon.

Upon exception to a general finding by the presiding justice, the only inquiry is whether there was any evidence tending to prove the evidentiary facts essential to the finding; but where there are special findings there is the further inquiry whether any of the special findings are inconsistent with the general finding.

If the meaning of the language of a case transferred is doubtful, it is not necessary to resort to principles of judicial interpretation when the case can be amended.

If on a petition for a new trial different affidavits of the same witness are contradictory his testimony should preferably be taken subject to cross-examination to determine an estimate of the probable value of his evidence before a jury.

Petition, for a new trial because of newly discovered evidence. The suit was brought to recover for injury received by being run upon by the defendants' engine at a highway crossing. A verdict for the plaintiff was sustained at the February session, 1919, of the supreme court, *ante*, 159. Immediately thereafter the defendants filed this petition. The evidence was from a witness of the injury and tended to show absence of care in the plaintiff as its cause. The evidence was furnished in the form of an *ex parte* affidavit. Subsequently, the plaintiff secured similar affidavits from the same person materially modifying his former statements. The court found the first affidavit true and that while the evidence therein was not absolutely certain to be accepted by a jury as the truth or as conclusive evidence of contributory negligence, yet a jury might accept it as a very important factor and be convinced by it that Mrs. McGinley, the plaintiff, was not in the exercise of due care. Upon this statement the court found that justice demanded that the petition for a new trial be granted. To the order granting the petition the plaintiff excepted. Transferred by *Sawyer*, J., from the December term, 1918, of the superior court.

*Drew, Shurtleff, Morris & Oakes* (*Mr. Oakes* orally), for the petitioner.

*Bernard Jacobs*, (by brief and orally), opposed.

PARSONS, C. J.　The two propositions which under the statute (P. S., c. 230, s. 1) must be established to authorize the granting of a new trial, that through accident, mistake, or misfortune, justice has not been done and a further hearing would be equitable, are facts the determination of which upon competent evidence is committed to the superior court.　To authorize such findings in a petition for further trial upon the ground of newly discovered evidence it must appear, (1) that the party presenting it was not in fault for not discovering and presenting the evidence at the former trial; (2) the evidence must be material to the issue joined and not cumulative. It must go to the merits of the case and not to impeach or discredit a witness; (3) it must be of such a character that it is at least probable that a different result will be reached upon another trial.　*State* v. *Carr*, 21 N. H. 166, 170; *Crafts* v. *Insurance Co.*, 36 N. H. 44, 50, 51; *Dennett* v. *Dennett*, 44 N. H. 531, 535; *Ela* v. *Ela*, 72 N. H. 216, 219; *Sanborn* v. *Railroad*, 77 N. H. 307.　See *St. Pierre* v. *Foster*, 75 N. H. 10, 11.

As a general verdict or finding implies the finding of all evidentiary facts necessary to sustain it of which there was evidence, under a general finding, in the words of the statute that justice has not been done and a further hearing would be equitable, the only inquiry is whether there was any evidence tending to prove the evidentiary facts essential to the finding; but where there are special findings there is the added inquiry whether any of the special findings are inconsistent with the general finding.　*Concord Coal Co.* v. *Ferrin*, 71 N. H. 33, 36; *Allen* v. *Association*, 72 N. H. 525, 527; *Wheeler* v. *Metropolitan &c. Exchange*, 72 N. H. 315, 318, 319; *Levasseur* v. *Berlin*, 75 N. H. 146; *State* v. *Gross*, 76 N. H. 304, 305; *McConnell* v. *McConnell*, 75 N. H. 385, 387; *Jaques* v. *Chandler*, 73 N. H. 376, 382. There was evidence that the defendants were not in fault, and that the new evidence was material and not cumulative.　But "In order to obtain such relief he [the petitioner] must show not only that he is free from fault, but also that a different result will probably be reached if he is given a new trial."　*Sanborn* v. *Railroad*, 77 N. H. 307, 308.　Obviously it would not be equitable to impose upon the public or the parties the expense of another trial unless it is at least probable that something will be accomplished.　"In order to be satisfied that injustice is likely to be done by refusing the new trial, the court is obliged to go into an inquiry as to the weight and importance of the new evidence, its connection with the evidence used on the former trial, and even the credibility of the witnesses."　*Ord-*

*way* v. *Haynes*, 47 N. H. 9, 10. The affidavit furnished by the defendants contains matter from which it could be found probable that upon a new trial a different result would be reached, while from the statements of the same witness in the affidavits furnished by the plaintiff such conclusion could not reasonably be reached. It is so well settled by numerous decisions that the questions involved in an application for a new trial are questions of fact entirely within the jurisdiction of the superior court that it is not probable the exception to the order granting the petition would have been insisted upon except for this conflict in the *ex parte* statements of the witness. The weakness of such evidence is commented upon in *Dennett* v. *Dennett*, 44 N. H. 531, and the present case seems peculiarly fitted for the application of the suggestion there made that the evidence should be so taken as at least to be subject to cross-examination. No reason is perceived why the witness might not have been examined before the court and thereby a foundation have been laid for an intelligent estimate of the probable value of his testimony before a jury. The court found in substance that the witness told the truth in his first affidavit and falsified in the subsequent statements which he gave. This issue was properly for the trier of the fact, but the finding upon it does not answer the question what weight will probably be given to the witness' testimony contradicted in writing over his own signature if he happens to testify as in his first statement.

The question is not what conclusion this court as triers of the fact would reach upon this evidence, but whether it so conclusively appears that a new trial will result as did the one which has been had that a contrary conclusion would be plainly unreasonable. *Jaques* v. *Chandler*, 73 N. H. 376, 382. The petition was heard by the judge who presided at the trial and it would be a very clear case which would permit his conclusion of the probable effect of the new evidence upon another trial to be classed as unreasonable. One view of the evidence clearly authorizes the necessary finding. Whether the attacks made upon the testimony will destroy its effect is a question upon which different views may be taken.

The difficulty with the case, however, is that the findings leave it uncertain whether it was intended to find that upon a new trial a different result is probable or only merely possible. It may be that exhaustive consideration of the language of the finding with all the evidence competent upon the question would furnish a reasonably satisfactory conclusion as to what. was meant. But it is

not necessary "to employ the principles of judicial construction to ascertain the meaning of a case transferred. If there is doubt, an amendment of the case furnishes a convenient and certain solution of the difficulty." *Walker* v. *Railroad,* 71 N. H. 271, 273. The finding that the jury might accept the evidence and feel convinced by it, taken in connection with the probable effect of the witness' self-contradiction, at least raises a doubt whether it was intended to do more than to find that a different result upon further trial was merely possible rather than probable. The doubt can readily be resolved by an additional finding. The petitioners, defendants in the original case, have leave to apply for an amendment of the case on this point.

If within thirty days the case is amended by a definite finding that a different result is probable upon another trial, the exception will be overruled. As the case now stands the order is

*Petition dismissed, nisi.*

All concurred.