Strafford, }
Oct. 2, 1923. }

°J. E. LOTHROP PIANO COMPANY *v.* CLARENCE HADDOCK.

A phonograph kept for use in the family of the vendee is an article of household
goods within the meaning of P. S., *c.* 140, *s.* 23, and hence a lien reserved
upon a conditional sale thereof is valid though unrecorded; and the phono-
graph is within the statutory exception notwithstanding the agreement of
sale contains a clause to the effect that "vendee admits that this property
is not part of the vendee's necessary household goods."

A general finding includes every special finding essential thereto.

REPLEVIN, for a phonograph.   Trial by the court and verdict for
the plaintiffs.

The following facts were agreed between the parties:

December 13, 1919, the plaintiffs delivered to Peter Swanson the
instrument in question, in accordance with an agreement providing
that Swanson should pay a portion of the purchase price upon the
delivery of the instrument, and the balance in monthly instalments
thereafter, the title being reserved in the plaintiffs until the bal-
ance was paid.

Swanson was at this time keeping house with his wife in the city
of Dover, and the phonograph was delivered to his house, and after-
wards kept there.   June 26, 1920, the defendant purchased the
instrument in question for a valuable consideration, without notice
of any claim or lien of the plaintiffs, and received a bill of sale there-
for signed by Swanson and his wife.   A balance of the purchase
price then remained unpaid.   Upon November 15, 1921, the plain-
tiffs commenced the present action and replevied the phonograph.

The agreement between the plaintiffs and Swanson was never
recorded.   Upon the foregoing facts the court, *Branch,* J., found a
verdict for the plaintiffs, and the defendant excepted.

*Hughes & Doe,* for the plaintiffs.

*Justin A. Emery,* for the defendant.

PLUMMER, J.   Section 23 of chapter 140 of the Public Statutes
provides that "No lien reserved on personal property sold con-
ditionally and passing into the hands of the conditional purchaser,
except a lien upon household goods created by a lease thereof, con-
taining an option in favor of the lessee to purchase the same at a

time specified, shall be valid against attaching creditors, or subsequent purchasers, without notice, unless the vendor of such property takes a written memorandum, signed by the purchaser, witnessing the lien, the sum due thereon, and containing an affidavit as provided in the following section, and causes such memorandum to be recorded in the town clerk's office of the town," etc.

It was held in *Lamb* v. *King*, 73 N. H. 400, that a piano if kept for use in a family was an article of "household goods" within the meaning of the above statute, and therefore was excepted from its operation. In this case a verdict was found by the court for the plaintiffs. This necessarily included a finding that the phonograph was kept for use in Swanson's family, which under the above decision would give it the character of "household goods." *McGinley* v. *Railroad*, 79 N. H. 320; *Allen* v. *Association*, 72 N. H. 525, 527; *Wheeler* v. *Exchange*, 72 N. H. 315, 319; *McConnell* v. *McConnell*, 75 N. H. 385, 387.

The sole question consequently is, can that fact be found from the agreed facts?

In the statement of those facts it is said that Swanson at the time he bought the instrument was keeping house with his wife in Dover, and the phonograph was delivered to his house and afterwards kept there. The only inference that can reasonably be drawn from that statement is that the phonograph was kept for use in Swanson's family. The finding of the court in that respect was fully justified.

In the agreement between the plaintiffs and Swanson this clause appears: "Vendee admits that this property is not part of the vendee's necessary household goods." Because of that admission in the contract, the defendant contends that this determined as to the plaintiffs and the defendant that the phonograph was not a part of the vendee's household goods, and therefore not within the exception contained in the statute, and consequently as the contract was not recorded, the defendant, who was a purchaser without notice of any lien, had acquired a title that was good against the plaintiffs. This admission cannot affect the plaintiffs' lien.

The words of the statute, which makes the lease without being recorded good against third parties, are "household goods." It is quite probable that it could not be found that a phonograph was a part of the necessary household goods of the vendee. But that does not furnish an adequate reason why it cannot be found upon the facts and under the decision of this court, that the in-

strument was kept for use in the vendee's family, and was a part of his household goods. In other words, the statute under consideration has no application to the vendee's admission that the phonograph was not a part of his necessary household goods.

A decision made in accordance with the demand of the defendant would constitute the admission of the vendee that the instrument was not a part of his necessary household goods, a waiver by the plaintiffs of the benefit of the exception granted them by the statute in question. It is apparent that the admission clause was not intended to be a waiver of any right of the plaintiffs or vendors, but was designed to affect some right of the vendee, otherwise it would not have been written "the vendee admits," etc., but would have been an admission by the vendors.

There are provisions in the contract that payment for the phonograph may be enforced by suit and judgment. And it is evident that this admission clause was placed in the lease so that in case the plaintiffs desired to bring suit and attach the phonograph, the vendee could not claim it was exempt from attachment as a part of his necessary household goods.

*Exception overruled.*

All concurred.