*Moreland & Barnum* vs. *McDermott.*

### MORELAND & BARNUM vs. McDERMOTT.

Where, after the close of plaintiffs' evidence, defendant asked and the court gave an instruction, which defendant announced to the court sufficient to dispense with proof by defendant, and after the argument of plaintiffs' counsel, the court gave different instructions, the court should have permitted defendant to introduce his evidence—and if not permitted, it will be error not to grant a new trial.

## APPEAL from St. Louis Circuit Court.

### Polk, *for Appellants, insists :*

1. The court below ought to have sustained the motion made by the counsel of appellants, on the close of plaintiffs' case, to exclude so much of Janney's deposition as relates to the sale of the slave Austin.

For, the witness Janney not only proved in his deposition that there was a bill of sale of the slave Austin to appellee, which bill of sale was not produced at the trial, but also that he had himself drawn it.

2. The second instruction given to the jury, after the close of the argument to the jury by the counsel of the appellee, was erroneous. For, in all cases in which a party claims title to property by virtue of a written instrument, he must show the delivery of the instrument to him. But the production of the instrument at the trial by the party who claims under it, is sufficient proof to the jury of the delivery of the instrument to that party.

3. The court erred in giving the third instruction to the jury after the close of the argument by plaintiffs' counsel;

Because that instruction does not leave it to the jury to pass upon the *bona fides* of the pretended sale of the negro Austin to the plaintiff by John C. Rogers & Co.;

And there was evidence on the record which was intended and offered to impeach the *bona fides* of that transfer.

4. The fourth of the instructions last given to the jury was erroneous, because it assumes that the slave Austin was sent by McDermott to be sold in Montgomery or Mobile, whereas the testimony does not show that the sale of the negro was to have been confined to Montgomery or Mobile; but that he could have been sold at any other place as well as at those places, under the authority given to the agent.

5. The sixth instruction is not law, because it asserts that the principal cannot make the acts of his agent obligatory upon him by a subsequent ratification, unless such ratification be by an express sanction of them.

But that a positive and direct confirmation is not necessary, see Story's Agency, secs. 253, 255 and 258.

6. The court below committed error in giving the seventh instruction to the jury, because that instruction assumes that there may be a sale operative to pass title to property, when such sale was to be evidenced by a bill of sale, and when such bill of sale has been actually executed as such evidence, but not delivered; which is tantamount to saying that title to property may be passed by a sale before the sale is perfected.

7. The court below ought to have granted a new trial to appellants, because of the matters set forth in the affidavit of Barnum, filed in support of the motion therefor, upon the 8th and 9th reasons assigned.

First. The affidavit shows that the defendants below were surprised by the action of the court, and by that action were deprived of the opportunity and right of availing themselves of testimony, which the affidavit shows was material and in court ready to be produced, and which the affiant verily believed would have secured a verdict, even upon the instructions as they had actually been given.

Second. The affidavit also shows that the action of the court deprived the defendants of the argument of their counsel to the jury upon the testimony in the case.

Upon the first ground of surprise, I refer to the following authorities: See Fleming vs. Simpson 1 Man. & Ry., 267; (17 Eng. C. L. R., 249;) Holland vs. Hopkins, 2 Bos. & Pul., 243; which was a case in which plaintiff was *non pros'd.* by his counsel having filed incorrect bill of particulars, and the court set the non-suit aside, allowed the bill of particulars to be amended, and gave plaintiff an opportunity of trial.

Upon the second ground of surprise, I refer to the following authorities: Davis vs. Mason, 4 Pick., 156; Cutter vs. Rice, 14 Pick., 494.

GOODE, *for Appellant, insists:*

1. The court did not err in refusing said motion to set aside said judgment and grant a new trial. If there be error in the action of the court below, it must appear from the record. This Court will presume that the Circuit Court correctly refused a new trial unless the contrary be clearly shown. Boon vs. Corler, 3 Mo. R., 10; Steel vs. McCutchen, 5 Mo. R., 522; Dodson vs. Johnston, 6 Mo. R., 599.

2. The finding of the jury is justified, and was demanded by the law and facts of the case.

McBRIDE, J., *delivered the opinion of the Court.*

Roger McDermott brought his action of detinue for a slave, against Moreland and Barnum, in the Circuit Court of St. Louis county. The defendants pleaded the general issue, on which the cause went to the jury, who found for the plaintiff. The defendants moved for a new trial, assigning, after the usual reasons, the two following, to-wit: 8th. "Because the counsel of the defendants, and the said defendants, by the instructions of the court given to the jury after the counsel of the plaintiff had closed their argument to the jury, were taken by surprise; and the said defendants were deprived of the benefit of argument before the jury upon the facts in evidence as applicable to said instructions, so given as aforesaid.

9. "Because the said defendants and their counsel were further taken by surprise by the instructions given, as stated in the 8th preceding reason, and, in consequence, were prevented from offering to the jury testimony which said defendants at the time had in the court room, ready to be produced and given to the jury; which said testimony was fully applicable and to the point, and strong in favor of said defendants upon the said instructions so given by the court, as stated in said eighth reason,

'but not applicable to the case as it stood under the instructions given by the court at the close of the testimony upon the part of the plaintiff."

This motion was accompanied by an affidavit of the defendant Barnum, to the truth of the material statements made in the 8th and 9th causes above set out. The court overruled the motion and refused to grant the new trial prayed for, whereupon the defendants excepted and appealed to this Court.

The bill of exceptions, after setting out the evidence given by the plaintiff on the trial in the court below, (which we do not intend to examine) proceeds to state, "thereupon the counsel of defendants prayed the court to give the jury the following instruction, upon the case made by the plaintiff: 'If the jury find from the evidence that the sale under which the plaintiff claims as purchaser of the slave Austin and others, from John C. Rogers & Co., was evidenced by a bill of sale or other instrument of writing which is not produced, they ought to find for the defendants;'" which instruction the court gave to the jury. Thereupon, one of the counsel of defendants stated that the defendants had witnesses in court to be examined in his behalf; but upon the instruction given by the court upon the plaintiff's case, they deemed it not proper to call them, and would thereupon, on their part, submit the case to the jury on the instruction given, without offering their testimony, and without argument. But, after the argument of the case by both of plaintiff's counsel, upon the whole of plaintiff's testimony in all its bearings, as well as upon the point covered by the instructions so given by the court, as aforesaid, the court then gave the following further instructions to the jury: "If the jurors believe from the evidence that the plaintiff's right to the slave in question accrued in virtue of a sale of the slave by J. C. Rogers & Co. to the plaintiff, and such sale was evidenced by a bill of sale or other instrument of writing, it devolves on the plaintiff to produce such bill of sale or writing in evidence to the jury; and unless such bill or writing is produced in evidence in this case, the verdict of the jurors ought to be for the defendants."

"That the jurors, in considering the proof in this case, are bound to confine their attention to what has been given or admitted in evidence; and that no fact otherwise ascertained by them, is proper for their consideration in making up their verdict."

"If the jury believe from the evidence that Roger McDermott, the plaintiff, did, in the year 1842, purchase the negro Austin from John C. Rogers & Co., for a valuable consideration, or received him in payment or part payment of a debt due said McDermott, by Rogers & Co., Mc-

Dermott's title to the negro, as between those parties, was good, and he is entitled to a verdict, unless he has disposed of the negro, by himself or his duly authorized agent, to the defendants, or some other person."

"And if said McDermott, after acquiring said negro from Rogers & Co., sent said negro by his agent to Alabama, to be sold for him in Montgomery or Mobile, and, contrary to the tenor of such agency, he was carried off to New Orleans and St. Louis, the title of McDermott is not lost to him, even against a *bona fide* purchaser, for valuable consideration."

"One who buys personal property, buys at his peril, and he must take care for himself that he purchases from one really having a title or fully authorized to sell, otherwise he will lose the property as against the real owner; and this rule not only holds as to ordinary purchases, but also as to sales by sheriffs and constables."

" That although the jury shall believe that Hugh Rogers got possession of the negro Austin in Mobile, and did bring him to this place, and did here represent said negro as his, and did offer to sell him, or did actually sell him, yet, if they believe from the evidence that the said negro was the property of the plaintiff, at the time he came into the possession of said Rogers, and that the plaintiff did not give authority or expressly sanction the acts and doings of said Rogers in regard to said negro, then his right and title to said negro was in no wise affected or impaired thereby."

" That if the jury shall believe from the evidence that there was a bill of sale or other instrument of writing executed by John C. Rogers & Co. at the time the said negro Austin was sold to the plaintiff, McDermott, and which writing was intended to evidence said sale, yet, they must also believe from the evidence that said bill of sale or instrument of writing was delivered by John C. Rogers & Co., or their authorized agent, to the plaintiff, and received by him or his agent, otherwise the plaintiff cannot be required to produce or account for the same."

To the giving of the foregoing instructions, the defendants' counsel objected and excepted.

From the foregoing facts, it is manifest that the court did not, in refusing to grant the defendants a new trial, exercise its discretion soundly, if the court, in fact, had any discretion in the premises. But it appears to us not to be a case in which the court had a discretion, but one wherein the court should have tendered to the defendants the right of introducing their evidence after the close of the argument by the plaintiff's counsel, or have granted the motion for a new trial. Whilst it is commendable in

the court to change its opinion when convinced of error, yet it should be cautious to see that such change does not prejudice the rights of parties.

The judgment of the Circuit Court is reversed, and the cause remanded.