FEIBER *v.* MANHATTAN DIST. TEL. CO.

*(Common Pleas of New York City and County, General Term.* December 3, 1888.)

1. CARRIERS OF GOODS—LIABILITY FOR LOSS—FAILURE TO OBEY INSTRUCTIONS.
   A corporation which, though organized under Laws N. Y. 1848, "for the incorporation and regulation of telegraph companies," has in its service messengers to deliver parcels for those who may so employ it, is liable for a loss occasioned by the delivery, by its messengers, of a parcel contrary to the instructions of the sender.

2. SAME—GOODS TO BE PAID FOR ON DELIVERY—PARTIAL RETURN.
   Where a carrier is employed to carry a parcel containing a suit of clothes and an overcoat, with instructions to bring back the goods if they are not paid for, and the person to whom they are sent retains a portion of the goods, and returns the others, sending a check for those retained, the sender cannot refuse to receive the goods returned, and the check, and sue the carrier for the value of the whole parcel, or for damages, where it does not appear that the check was not for the full value of the goods retained.

Appeal from Fourth district court.

Action to recover the value of goods delivered by a messenger of defendant, the Manhattan District Telegraph Company, contrary to instructions of the sender. Plaintiff appeals.

Argued before VAN HOESEN and BOOKSTAVER, JJ.

*C. L. Cohen,* for appellant. *Vanderpoel, Green & Cuming,* for respondent.

PER CURIAM. Though the defendant was organized under the act of 1848, entitled "An act to provide for the incorporation and regulation of telegraph companies," it had in its service messengers whose business it was to carry parcels for those who desired to employ it in that work. It is a necessary incident to that business that the messengers shall receive and carry out the instructions of the senders of the parcels respecting the delivery. If the sender instruct the messenger not to deliver a parcel except on the happening of a certain event, the messenger has no right to disregard that direction. It matters not whether the defendant be a common carrier or not, it is bound to obey the instructions of its employer respecting the delivery of packages that it undertakes to carry. *Tooker* v. *Gormer,* 2 Hilt. 71. In this case the defendant undertook to carry for Jacobs Bros., to a Mr. Duckworth, of Brooklyn, a bundle containing a suit of clothes and an overcoat, and the messenger was instructed to bring back the goods if they were not paid for. Mr. Duckworth, who appears to be a responsible man, took the overcoat and the trousers, but refused to accept the coat and the vest because they were too tight. He had already paid Jacobs Bros. $10, and he gave to the messenger a check for $20, with instructions to carry it, together with the coat and vest, back to Jacobs Bros. He also sent a letter saying that the coat and vest did not fit,

and that when they were made to fit he would accept them.   Jacobs Bros. re-
fused to receive the check, or the coat and vest, and insisted that all the goods
must be returned, or none.   Because Duckworth did return the overcoat and
trousers, Jacobs Bros. contend that the defendant is liable for the full value
of all the goods that the bundle contained; the argument being that the leav-
ing of a part of the goods with Duckworth amounted, in law, to a conversion
of the entire lot.   That is not correct.   Upon the theory that the defendant
is liable for the loss that was occasioned by a violation of Jacobs' instructions,
our duty is to inquire, what was the extent of that loss?   If the instruc-
tions had been literally carried out, all the clothes would have been returned
to Jacobs Bros.   The grievance is that the trousers and the overcoat were
not brought back as well as the vest and coat.   Jacobs Bros. have no right
to make any claim for the vest and the coat, for these articles were returned
to them.   For the trousers and the overcoat Duckworth paid or tendered
what he considered the value, and there is nothing in the evidence to show
that he undervalued them, or that Jacobs Bros. would have sustained any
loss whatever if they had accepted the $30 in payment for those garments.
The plaintiff failed to offer any proof as to the value of any of the articles;
his theory of the case being that he was entitled, without reference to the act-
ual value of the goods, to recover the sum that Duckworth would have been
bound to pay if he had accepted the entire lot of clothing.   The case is there-
fore barren of evidence to show that Jacobs Bros. sustained any loss at all.
Though the justice may not have founded his judgment upon the right ground,
there is nothing to lead us to the conclusion that the plaintiff was aggrieved
by the decision.   If Duckworth ought to accept the coat and the vest, Jacobs
Bros. can sue him for the price.   If the coat and vest do not fit reasonably
well, Duckworth is not bound to take them, nor ought Jacobs Bros. to be per-
mitted to evade the question that Duckworth has raised as to the fit of the
garments by the technical claim that goods that were returned to them have
been wrongfully converted by the defendant.   We must not be understood as
intimating that the defendant would have been liable if the messenger had
collected the money from Duckworth, and then lost or misappropriated it.
There is no such question in this case.   Our decision goes no further than to
hold that, if a messenger be instructed not to deliver goods except upon cer-
tain conditions, he is liable if he makes a delivery in violation of those condi-
tions.   Judgment affirmed.