## A. Mercola, trading as A. Mercola & Company, Appellant, v. Western Union Telegraph Company, Appellee.

### Gen. No. 25,995.

1. BAILMENT—*when not established as to company supplying messengers.* Evidence that plaintiff telephoned to defendant and merely asked for a messenger, stating nothing as to the service to be required of him, and delivered to the messenger a package to be delivered to one of plaintiff's customers, the messenger then returning to defendant's place of business only for the purpose of learning how to reach the address given him, had no tendency to prove a bailment.

2. MASTER AND SERVANT—*when relation established as to one temporarily in the service of another.* Where defendant upon request from plaintiff furnished him with a messenger without knowing the service for which the messenger was desired and during the time of service the messenger was subject to plaintiff's control and instructions, the relation of master and servant existed between the messenger and plaintiff during the period of service.

3. BAILMENT—*when messenger service company not liable for misdelivery by messenger.* Where possession of a package given by plaintiff to a messenger furnished to it by defendant was obtained from the messenger by persons not entitled to it and was not recovered, defendant was not liable, in the absence of proof that the messenger was incompetent for the service required and that the defendant could, by the exercise of ordinary care, have known of such incompetence.

4. NEGLIGENCE—*burden of proving incompetency of servant furnished for particular employment.* In an action for negligence in furnishing an incompetent servant for a particular service, the burden of proving his incompetency and that defendant knew, or with the exercise of ordinary care would have known, of such incompetency, rests upon plaintiff.

Appeal from the Municipal Court of Chicago; the Hon. BERNARD P. BARASA, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Affirmed. Opinion filed June 3, 1921. Rehearing denied June 17, 1921.

EDWARD J. KELLEY, for appellant.

WEST & ECKHART and FRANCIS R. STARK, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

While plaintiff's statement of claim is faulty it is predicated on (1) defendant company's relation to him as bailee for hire, and (2) on disregard of its duty to use reasonable care in selecting persons for messenger service. But the proof supported neither claim, and the court's finding and judgment were accordingly.

The material portions of the evidence were that plaintiff, desirous of sending a fur coat to a customer, telephoned to a branch office of the defendant company and merely asked for a messenger to be sent to his store, stating nothing as to the service required. One was sent, and plaintiff handed him a package with instructions to deliver the same to one of his customers at a specified address. Before going there the messenger went back to defendant's office merely to get information how to reach the address, and to obtain a form of receipt. Going to the specified address and getting no response from his effort to gain admission he returned to plaintiff's office, which occupied the entire seventh floor of a city office building, where he met in the corridor of that floor near one of the entrance doors to the office two young men who asked him if the package was for Mercola and said they worked for him and would pay charges and receipt for the same, which they did, and he left the package with them. Thus the coat disappeared and was lost to plaintiff. No other proof material to the issues was presented.

While the bailment theory was practically abandoned, plaintiff relying mainly, if not wholly, on the other theory of his case, the evidence had no tendency to prove a bailment. There was no delivery of the package to the company. Its contract was merely to supply a messenger for plaintiff's service, during the

time of which he was subject to plaintiff's control and instructions, thus establishing in that time the relationship of master and servant between plaintiff and the messenger. (*Coughlan v. City of Cambridge,* 166 Mass. 268; *Pioneer Fireproof Const. Co. v. Hansen,* 176 Ill. 100.) An analogous case is that of *Hirsch v. American Dist. Tel. Co.,* 112 N. Y. App. Div. 265. There the telegraph company was requested to furnish a messenger to deliver a package of money to a bank. The court said that if the company was responsible it would be because it had undertaken by special contract to deliver the package to the bank, but, as in the case at bar, there being no evidence of a special contract, what it undertook was to furnish a messenger to the one applying therefor, and that the failure of the messenger to perform the service required of him by the one so accepting his service was not the breach of a contract or engagement made by the company.

While defendant may have been negligent if the messenger was in fact incompetent for the service to which he was assigned, and defendant could by the exercise of ordinary care have known of such incompetence, yet there was no proof whatever of either the messenger's incompetence or the company's failure to exercise such care. Even if it may be said that the circumstances under which the messenger parted with the package indicated incompetency, yet without proof of negligence in employing him there could be no recovery. It is a familiar rule that the burden of proving incompetency and that defendant knew, or with the exercise of ordinary care would have known, of the same, rests upon plaintiff. (18 R. C. L. 728; 3 Labatt on Master and Servant, sec. 1083; *First Nat. Bank of Montgomery v. Chandler,* 144 Ala. 286, 308; *Southern Pac. Co. v. Hetzer,* 135 Fed. 272.) Plaintiff's failure to meet the burden in this case requires us to affirm the judgment.

*Affirmed.*

GRIDLEY and MATCHETT, JJ., concur.