FRANK BLASI, Plaintiff, *v.* THE WESTERN UNION TELEGRAPH COMPANY, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, Fourth District, April, 1922.

Master and servant — when messenger boy furnished by telegraph company to deliver a parcel is servant of person calling him — delivery of parcel to wrong person — when telegraph company not liable.

One who is the general servant of another may be lent or hired by his master to another for some special purpose so as to become as to that service the servant of such third party. The test is whether, in the particular service which he is engaged to perform, he continues liable to the direction and control of his master or becomes subject to that of the party to whom he is lent or hired.

A messenger boy furnished by a telegraph company on request of plaintiff and for a consideration paid, received from plaintiff a coat with instructions to deliver it to a named woman at a designated street address. Instead of delivering the coat to her or returning the coat to plaintiff or delivering it to someone authorized by plaintiff to receive it, the messenger boy delivered the coat to a man, who met him at the door of said premises and said, " I'll take the package." *Held*, that the messenger boy was the servant of the plaintiff for the delivery of the parcel and not the servant of the defendant, because as to that service the plaintiff had the control and direction of the messenger boy.

The doctrine of *respondeat superior*, as between the messenger boy and the defendant, did not apply and defendant was entitled to judgment for the dismissal of the complaint upon the merits.

SUBMISSION of a controversy.

*Albert Blumenstiel*, for plaintiff.

*F. R. Stark* (*J. L. Egan* and *H. Brockett*, of counsel), for defendant.

GENUNG, J. This is a controversy submitted on an agreed statement of facts. Mun. Ct. Code, § 124. The question presented is whether defendant is liable for the loss of a lady's coat that was intrusted to a messenger boy for delivery.

From the agreed statement of facts it appears that the defendant is a New York corporation authorized under its charter to construct, maintain and operate telegraph lines and transmit intelligence over them; that the defendant maintains a messenger service in the city of New York and employs boys in connection therewith who are furnished to the general public on request for rendering such services as the public directs. It was further stipulated that on November 9, 1920, for a consideration paid to it the defendant furnished one of its messenger boys to the plaintiff; that this boy received from the plaintiff the coat in question to be delivered to Miss Morris at 602 West One Hundred and Thirty-seventh street, and that instead of making delivery of the coat to her, or returning the coat to the plaintiff, or making delivery to some one authorized by the plaintiff to receive it, the messenger boy delivered the coat

to a man, who met him at the door of said premises and said, " I'll take the package." The value of the coat was stipulated to be $165.

The plaintiff claims that this is an action in negligence and that the rule of *respondeat superior* applies. It is contended that the defendant is liable for the amount of damage sustained by plaintiff through the negligence and carelessness of defendant's agent and employee who, while acting within the scope of his employment, negligently and carelessly gave away property which the plaintiff had intrusted to him for delivery to the person to whom it was addressed. The cases cited (*Sanford* v. *American Dist. Tel. Co.*, 13 Misc. Rep. 88; *Feiber* v. *Manhattan Dist. Tel. Co.*, 15 Daly, 62; *Nowack* v. *Metropolitan St. Ry. Co.*, 166 N. Y. 433; *Fifth Ave. Bank* v. *Forty-second St. & G. St. F. R. R. Co.*, 137 id. 231) are authority for the proposition that the principal is to be held liable to third persons in a civil suit for the frauds, deceits, misrepresentations, torts, negligence and other malfeasances or misfeasances and omissions of duty of his agent in the course of his employment, although the principal did not authorize, or justify or participate in, or indeed know of such misconduct, or even if he forbade the acts or disapproved of them. In the case of *Wilmerding* v. *Postal Telegraph-Cable Co.*, 118 App. Div. 685; affd., 192 N. Y. 580, the defendant was held liable to a customer for the malfeasance of the defendant's messenger boy in presenting false bills.

The defendant contends that in no event was it legally liable for what happened to the coat after the plaintiff handed it to the messenger boy with specific instructions to take it to Miss Morris at the address stated. The plaintiff asked for a messenger. He was furnished a messenger and gave the coat to the messenger and he directed the messenger as to where it should be delivered. By that direction the messenger boy became the agent of the plaintiff for the delivery of the coat. The defendant was not and never has been engaged in the transportation of merchandise. There is nothing in the stipulated facts to show that it was so engaged. There is nothing to show any authority of the defendant to transport merchandise. There was no special contract with the defendant. The cases cited (*Hirsch* v. *American District Telegraph Co.*, 112 App. Div. 265; *Haskell* v. *Boston District Messenger Co.*, 190 Mass. 189; *Hamilton* v. *American District Telegraph Co.*, N. Y. L. J. March 30, 1918; *Mercola* v. *Western Union Tel. Co.*, 221 Ill. App. 153) are authority for the proposition that there can be no recovery on the theory of a special contract in cases of this character. There is nothing in the stipulated facts to indicate any

Municipal Court of New York, April, 1922.          [Vol. 118

negligence on the part of the defendant in selecting the messenger boy in question or in retaining him in its employ. There is nothing to indicate that the messenger boy in question was an incompetent boy, or that the defendant had any knowledge of such incompetence, if it existed. There is nothing to indicate that the defendant was more than an agency through which a messenger boy was secured to perform a specific service, of which the defendant had no knowledge, under the direction and control of the plaintiff, while in the employ of the defendant. It is well settled that one who is the general servant of another may be lent or hired by his master to another for some special service so as to become as to that service the servant of such third party. The test is whether in the particular service which he is engaged to perform, he continues liable to the direction and control of his master or becomes subject to that of the party to whom he is lent or hired. *Swackhamer* v. *Johnson,* 39 Ore. 383; 54 L. R. A. 625; *Hall* v. *Lees,* L. R. (1904) 2 K. B. 602; *Coughlan* v. *Cambridge,* 166 Mass. 268; *Consolidated Fireworks Co.* v. *Koehl,* 190 Ill. 145; *Wyllie* v. *Palmer,* 137 N. Y. 248. The test laid down in the above cases is the only proper one and under it the messenger boy in the instant case was the servant of the plaintiff for the delivery of the parcel and not the servant of the defendant, because as to that service the plaintiff had the control and direction of the messenger boy. The messenger boy did not continue under the direction and control of his master, the defendant, but became subject to that of the party, the plaintiff, to whom he was lent or hired, while engaged in the delivery of the coat. While doing the bidding of the plaintiff, the messenger boy stood in the relationship of servant to the plaintiff and the relationship of master and servant did not exist between the messenger boy and the defendant, and, therefore, there is no room for application of the doctrine of *respondeat superior,* as between the messenger boy and the defendant, which would be necessary to make the defendant liable for the negligence, if any, of the messenger boy.

The defendant, therefore, is entitled to judgment dismissing the complaint on the merits.

Judgment accordingly.