Rockingham,
No. 4329.

HAROLD E. DiPIETRO, *Adm'r v.* ROMEO LAVIGNE & *a.*

Argued June 2, 1954.

Decided July 1, 1954.

*Joel W. Eastman* (by brief and orally), for the plaintiff.

*Paul E. Nourie* (by brief and orally), for the defendants.

DUNCAN, J. The hearing upon the petition for new trial consisted almost wholly of a review by counsel of the record of the original trial and of subsequent proceedings in this court. *Di-Pietro* v. *Lavigne,* 97 N. H. 474. No testimony was taken. The plaintiff's counsel, who did not participate in the original trial, advanced before the Trial Court propositions which he now urges in this court. Stress is laid upon the contention that the nonsuit ordered by the Trial Court resulted from argument in support of the motion for a nonsuit, made by counsel for the defendants, to the effect that there was no evidence to establish "where the accident occurred," or "the conduct of the various parties which immediately preceded the accident," or "whether or not there was any negligence involved on the part of either operator."

In the course of the trial before the motion was made, the Court had stated that photographs in evidence "certainly indicated speed," and that certain testimony tended to show that the defendants' truck "would have to be over on the left side of the road" in order to turn so as to make certain marks in the snowbank on

the right. On the basis of these statements, it is now argued that the Court was misled by the argument of counsel in support of the motion for a nonsuit and that the nonsuit should therefore be set aside. See *Carlin* v. *Drake*, 89 N. H. 52, 54.

The difficulty with the plaintiff's position is that in the opinion in 97 N. H. 474, the statements made by the defendants in support of their motion for a nonsuit were confirmed, and the nonsuit was held proper. As there indicated, the plaintiff's case rested wholly upon circumstantial evidence. No eye-witness to the accident testified, and the circumstantial evidence was insufficient to permit a finding of the "probabilities as to what [either driver] actually did." *Id.*, 476. The previous opinion precludes the plaintiff's present contention that the Trial Court was led into error in granting the nonsuit.

The plaintiff relies further upon the ground stated by the petition for new trial, that trial counsel was "justified in believing that on the state of evidence and the statement of the Court with reference thereto the Court would give the case to the jury," that he was "surprised" by the nonsuit, and that thereby the plaintiff has "suffered a misfortune." *DiPietro* v. *Lavigne*, 98 N. H. 294.

A few cases are to be found in the reports where statements made by the Court in connection with rulings in the course of a trial have been relied upon by counsel in resting his case, and have been held to furnish ground for a new trial. *Merritt* v. *Mayfield*, 89 App. Div. (N. Y.) 470, 473; *Alianell* v. *Schreiner*, 274 Pa. 152; *Simpson* v. *Hefter*, 88 N. Y. S. 282; *Moreland* v. *McDermott*, 10 Mo. 605. But *cf. Feiber* v. *Manhattan Dist. Tel. Co.*, 15 Daly 62; *Beekman* v. *Bemus*, 7 Cowen 29. Issue is not likely to be taken with the statement in the early case of *Moreland* v. *McDermott*, *supra*, 608-9: "Whilst it is commendable in the court to change its opinion when convinced of error, yet it should be cautious to see that such change does not prejudice the rights of parties."

In the instant case however no evidence beyond the record of the trial itself was presented to the Trial Court to establish that plaintiff's counsel was misled or surprised by what transpired at the trial. The claim was not then advanced by trial counsel who is now alleged to have been thus affected, and there is no evidence that a different course would have been taken had the comments of the Court not been made. The petition for new trial was heard by the Justice who presided at the trial of the negligence action. This court is in no position to say as a matter of law

that he erred in not drawing from what had previously occurred in his presence, the inferences which counsel now urges that we draw from the printed page. Whether trial counsel was surprised or misled and if so, whether his ensuing predicament resulted from accident, mistake or misfortune (R. L., *c.* 398, *s.* 1), or from deliberate choice or culpable negligence was a question of fact for the Trial Court's determination which we would not be justified in disturbing. It follows that the order made below must be affirmed.

*Petition dismissed.*

All concurred.