Hillsborough,  
June 2, 1908.

## ST. PIERRE *v.* FOSTER *& a.*

The fact that a party against whom judgment has been rendered has, without fault, lost the right to try a material issue, and that the issue, if tried, will probably be decided in his favor, authorizes the granting of a petition for a new trial.

Under such circumstances, the opinion of the trial justice that a jury ought to find for the defendant is not sufficient ground for denying the plaintiff's petition for a new trial, if a verdict can properly be found in his favor.

PETITION, for a new trial of the action between the same parties, reported 74 N. H. 4. Transferred from the September term, 1907, of the superior court by *Peaslee*, J., upon exception to the denial of the petition.

The plaintiff was not in fault for the non-production of the evidence, the want of which vitiated the former verdict in his favor. This evidence can be supplied, and in such case it is likely a jury will find a verdict for the plaintiff sustainable upon the law. It appeared to the court that the jury ought to find a verdict for the defendants; and because of this view of the weight of the evidence, it was found that justice does not require a further hearing, and the petition was denied. If this view is erroneous, the motion should have been granted.

*Hamblett & Spring* and *Branch & Branch*, for the plaintiff.

*Burnham, Brown, Jones & Warren*, for the defendants.

PARSONS, C. J.  The verdict which the plaintiff obtained against the defendants was set aside and a verdict and judgment were ordered for the defendants, upon the ground that no evidence was offered upon an issue necessary for the plaintiff to prove to establish the defendants' liability.  *St. Pierre* v. *Foster*, 74 N. H. 4. The plaintiff now asks for an opportunity to try this issue.  It is found that the plaintiff was not in fault for not presenting evidence upon this issue at the former trial, and that if a trial is permitted the jury will probably find for the plaintiff a verdict sustainable upon the law.  The facts that the plaintiff has, without fault, lost the right to try a material issue, and that if tried the issue may be decided in his favor, authorize a finding that justice requires a further trial.  Such is the rule, not only in petitions for a new trial after verdict and judgment (P. S., *c.* 230, *s.* 1), but in the analogous cases where a right to a trial upon appeal from the decision of the probate court has been lost without fault (P. S., *c.* 200, *ss.* 7, 9), or where the right to the trial of a highway traveler's claim against a town has been lost in like manner by failure to give the necessary notice.  P. S., *c.* 76, *ss.* 8, 9.

The grounds upon which applications of this kind should be granted or denied are set forth in the numerous cases cited in *Bolles* v. *Dalton*, 59 N. H. 479, 480.  None of the statutes have been construed as requiring two trials upon the merits.  It has been considered sufficient, upon an application for relief, for the petitioner to show that he possessed a right to a trial of a particular sort; that he has lost the right without fault; and the existence of evidence upon which the tribunal, the right to whose decision he has lost, might properly find in his favor.  As said of the application for leave to appeal from a probate decision: " The construction given this provision of the statute is, that if there are important questions at issue, which the petitioner in good faith desires and intends to try, and some evidence is offered to sustain the reason for the appeal, the leave to appeal will be granted without deciding the merits of the controversy."  *Holton* v. *Olcott*, 58 N. H. 598, 599.  As to the highway statute, under which the right to a trial is given upon similar grounds, it is said : " Evidence sufficient to authorize the submission of the plaintiff's case to the jury will sustain the requisite finding of 'manifest injustice.'  The questions of law or fact which the plaintiff desires to litigate are not ordinarily determined upon the preliminary petition.  It is sufficient if it appears that there are important questions which, through accident, mistake, or misfortune, the plaintiff will be unable to try unless the petition is granted."  *Owen* v. *Derry*, 71 N. H. 405, 406.  " The general rule is, that when it appears that a trial has not been had, by reason of accident and misfortune, the

court will give the party an opportunity for a trial without inquiring into the merits of the controversy. That matter is to be investigated before another tribunal." *N. E. Mutual Fire Ins. Co.* v. *Company,* 22 N. H. 170, 172; *Woodworth* v. *Wilson,* 50 N. H. 220, 223, 224.

In the present case, the materiality of the issue the plaintiff seeks an opportunity to try is established by the fact that because it was not tried and found for the plaintiff judgment has been ordered for the defendants. The plaintiff was not in fault for not trying it, and has satisfied the superior court by the evidence now produced, not only that the jury may, but that they probably will, find the issue in his favor. These facts authorize, and as a matter of practice require, the granting of the petition. It is found that a new trial should be had, unless the fact that the judge hearing the application is of the opinion that upon the whole case the jury ought to find for the defendants authorizes the denial of the petition. The essential point—what justice requires—is a question of fact, to be determined, however, like all questions of fact, upon competent evidence. If there is competent evidence, or if the evidence is not reported, an exception to the finding presents no question for this court. *Jaques* v. *Chandler,* 73 N. H. 376, 381, 382. But if it appears that there is no competent evidence to sustain it, the finding fails. *Ela* v. *Ela,* 72 N. H. 216, 219; *Cox* v. *Levison,* 66 N. H. 167.

It is not understood that upon this petition, or motion, there was a trial of the whole case upon the merits; but the same being heard by the judge who presided at the former trial, his opinion of what the jury ought to do appears to be based upon the evidence then presented and now offered. As it is found that upon the evidence the jury could find a sustainable verdict for the plaintiff, it follows that reasonable men might so find. If in the face of this finding the view of the court as to the weight of the evidence is sustainable, it must be that reasonable men might on the whole evidence also find for the defendants. It is not probable the findings were understood to be in conflict. They must, therefore, have been intended to mean that upon the evidence reasonable men might come to different conclusions. From this fact it cannot be inferred that it would be inequitable to permit the plaintiff to try an important question which he desires and intends in good faith to try, and which he has without his fault been prevented from trying. If it were, a petition for a new trial could only be granted where the evidence was such that a verdict against the petitioner would be set aside as against the weight of the evidence. No such rule has ever been advanced. What the plaintiff asks for, and what the statute authorizes to be given him,

is a trial, an opportunity to litigate some matter in dispute, not a decision of the controversy. As the court in this proceeding cannot settle the dispute, there is no logic in requiring the petitioner to establish by proof a matter the court has no power to adjudicate.

Upon the facts found, the petition should be granted. Whether under similar facts a petition for a new trial should or could be granted to enable the plaintiff to maintain an iniquitous claim, or the defendant to set up an unconscionable defence, or when substantial justice has already been done, are questions not presented. The fact that the opinion of the court as to the weight of the evidence on the merits differs from that of the jury is not a finding that the plaintiff's claim is iniquitous, or that the order of judgment for the defendants is so clearly just that it would be inequitable to reopen the case.

*Exception sustained: petition granted.*

PEASLEE, J., did not sit: the others concurred.