Strafford,
June 21, 1938.

## JOHN W. JACKSON *v.* ALBERT SMART.

*Hughes & Burns* and *Charles F. Hartnett* (*Mr. Burns* orally), for the plaintiff.

*Arthur E. Sewall* and *Thomas L. Cleaton* (*Mr. Sewall* orally), for the defendant.

MARBLE, J.   The plaintiff while crossing State Street in Portsmouth, on the evening of June 7, 1936, was struck by the defendant's automobile.   According to the statement of facts contained in the former opinion the defendant, when he arrived at the intersection of State and Pleasant Streets, "brought his car to a stop at the command of the lights," "waited for the signal to proceed," and did not start across the intersection until the lights "changed in his favor."

The newly discovered evidence is that of Charles R. Quinn, a former police officer and motor vehicle inspector, who states in his

affidavit that he was standing at the northeasterly corner of the intersection when the accident occurred and that he saw the defendant's automobile, traveling easterly, "cut out by and pass" a car which was stopped at the southwest corner; that the defendant crossed the intersection on an amber light and continued easterly at a speed of 25 or 30 miles an hour until the right front corner of his car struck the plaintiff; that the car which was stopped at the south-' westerly corner waited until the traffic light turned green and then, entering the intersection, turned right into Pleasant Street.

This evidence presents an entirely different situation from that disclosed at the trial; it relates to a material issue and is not cumulative. *Watkins* v. *Railroad*, 80 N. H. 468, 476, 477.

The plaintiff by affidavit seeks to clarify and explain his testimony at the trial. He there testified that when he arrived at State Street he noticed that the traffic lights were amber and that all traffic was halted, and that after stepping "down off" the curb he looked again and saw that the situation was unchanged. The inference drawn from this testimony was that the plaintiff took his second look at the lights immediately after stepping down off the northerly curb and that he was heedless of his own safety from that time until he was struck.

He now states that he had reached "about the center of State Street" when he looked at the lights a second time (he is corroborated on this point by the witness Quinn); that the traffic lights were then amber and that a car which he had seen before leaving the curb was still stopped at the southwest corner; that he thought he had time to reach the southeasterly curb without danger of being struck by this car, and that he did not anticipate that another automobile would pass the car and enter the intersection before the lights had changed. At the trial his description of his conduct was not so clear and definite that the rule of *Harlow* v. *Leclair*, 82 N. H. 506, must be held to apply. *Dimock* v. *Lussier*, 86 N. H. 54, 56.

The Presiding Justice has made all essential findings, and it is well settled "that the questions involved in an application for a new trial are questions of fact entirely within the jurisdiction of the superior court." *McGinley* v. *Railroad*, 79 N. H. 320, 322.

*Exceptions overruled.*

All concurred.