Strafford,
Apr. 26, 1952. } No. 4100.

WILLIAM E. BRODERICK *v.* WILLIS BLAISDELL, *Adm'r:*

SARAH A. BRODERICK *v.* SAME.

340

*Cooper, Hall & Cooper* and *John M. Brant* (*Mr. Brant* orally), for the plaintiffs.

*William H. Sleeper, Robert Shaw* and *Wayne J. Mullavey* (*Mr. Mullavey* orally), for the defendant administrator.

DUNCAN, J. Since the defendant administrator did not elect to testify, the testimony of each of the plaintiffs on his or her own behalf, concerning events as to which the defendant's intestate might have testified if living, was properly excluded. R. L., c. 392, *s.* 25; *Berry* v. *McArdle,* 62 N. H. 354. There was no evidence that the defendant's interest in the estate as an individual was such that his interest as administrator was nominal rather than real. *Cf. Muir* v. *Bartlett,* 78 N. H. 313. So far as appears, he here "defends in the right of the deceased." *Reynolds* v. *Kenney,* 87 N. H. 313, 314. Anno. 172 A. L. R. 714, 719.

The plaintiff's argument that the statute (*s.* 25, *supra*) imposes no testimonial disqualification upon the spouse of the adverse party so long as the spouse is not a party in interest is supported by settled law of this jurisdiction. *White* v. *Poole,* 74 N. H. 71; *Chase* v. *Pitman,* 69 N. H. 423. See *Weston* v. *Elliott,* 72 N. H. 433. As these cases indicate, the rule is not affected merely because the spouse is likewise an adverse party in a separate action to enforce independent rights. Thus the plaintiff William could be a competent witness in the action brought by the plaintiff Sarah and she could likewise be a competent witness in his action.

However, the record does not disclose that either plaintiff was

offered as a witness for the other. The proposal that "the plaintiff" be permitted to testify to acts, deeds and services "done by him or her as plaintiff," as well as certain colloquy which followed, indicated rather that each plaintiff was offered as a witness in his or her own behalf. It was not asserted, and the Court was not called upon to assume, that either of them possessed the requisite personal knowledge to qualify as a witness in support of the claim of the other. The testimony, as offered, was properly excluded. R. L., c. 392, s. 25, *supra*. The language of the offer was "not calculated to bring [the plaintiff's] contention to the notice of the Trial Court." *Marchand* v. *Company*, 95 N. H. 422, 426. See also, *Gardner* v. *Company*, 79 N. H. 452, 457.

If "justice has not been done and a further hearing would be equitable" (R. L., c. 398, s. 1) because the scope of the offer made by plaintiffs' counsel was thought by him to be broader or more specific than it was, and through accident or mistake it failed to convey its full purpose to the Trial Court, the plaintiffs are free to seek a new trial by appropriate motion addressed to that court.

The exceptions to the refusal to permit the parties to testify by discretionary ruling under R. L., c. 392, s. 26, disclose no error which is open to correction here. Before the amendment of 1941 this section provided that a party "may be allowed to testify," when it "clearly appears to the court that injustice may be done without the testimony . . . and the ruling of the court, admitting or rejecting his testimony, may be excepted to and revised." P. L., c. 336, s. 28. As the latter provision was construed, an exception to such a ruling brought before the appellate court "questions of fact as well as those of law." *Gosselin* v. *Griffin*, 79 N. H. 510, 511; *Simpson* v. *Gafney*, 66 N. H. 261. It was settled by the decisions that a case of injustice was not established by a showing that the adverse party was the sole surviving witness to events within the knowledge of the decedent. *Berry* v. *McArdle*, 62 N. H. 354, *supra; Tuck* v. *Nelson*, 62 N. H. 469, 472; *True* v. *Shepard*, 51 N. H. 501, 503.

The 1941 amendment (Laws 1941, c. 132) eliminated the statutory provision for revision of the ruling of the Trial Court so that the question now rests in the sound discretion of the Trial Court. "If the court finds that injustice may be done without the testimony of the party, the court may, in its discretion, allow such party to testify." R. L., c. 392, s. 26.

The exceptions to the discretionary action of the Trial Court under the amended section cannot be sustained upon the partial

record before us. It does not disclose what evidence from other witnesses was before the jury, and it cannot be said that a finding that injustice might result from exclusion of the testimony was compelled as a matter of law.

The exception to the refusal to permit the plaintiffs to testify grounded upon the hypothesis that the administrator elected to testify when he offered the testimony of his wife is without merit. She was not the representative of the estate and the disqualification imposed by the statute is waived only by the election of the representative himself. R. L., c. 392, s. 25. There is no evidence to support the assertion made at the trial that the wife was "closely interested" in any legal sense. *White* v. *Poole,* 74 N. H. 71, 74, *supra; Smith* v. *Wells,* 70 N. H. 49, 51; *Chase* v. *Pitman,* 69 N. H. 423, *supra; Foster* v. *Ela,* 69 N. H. 460. *Cf. Chagnon* v. *Perkins,* 88 N. H. 362. It was the administrator who was "the only heir."

*Exceptions overruled.*

All concurred.