Strafford
No. 82-316

LORNE D. ARMSTRONG

v.

MARGARET C. ARMSTRONG

May 6, 1983

*Lorne D. Armstrong,* of New Durham, by brief and orally, pro se.

*M. Elaine Beauchesne* and *Ronald K. Lospennato,* of Concord, by brief, and *Mr. Lospennato* orally, for the defendant.

PER CURIAM.    The defendant appeals the Superior Court's (*Temple,* J.) order denying her motion for reconsideration in this divorce case. We reverse and remand.

The plaintiff, Lorne D. Armstrong, filed a libel for divorce in December 1979. The defendant, Margaret C. Armstrong, retained the services of an attorney, Richard L. Boire, who filed an appearance in December 1979.

In March 1980, the defendant's attorney filed a motion stating that his client was having difficulty understanding and accepting the divorce proceedings, and requesting the appointment of a guardian ad litem to ensure that the defendant's interests were protected. The Superior Court (*Mullavey,* J.) granted the motion, appointing Attorney Boire to act as guardian ad litem. On April 3, 1980, Attorney Boire submitted a "Guardian Ad Litem Report" in which he indicated that the defendant had become increasingly irrational, and that even though the defendant hoped to remain in the the parties' mobile home in New Durham, the hope was unrealistic because the defendant would probably never be able to function on her own. Attorney Boire also submitted letters from the defendant's psychologist and physician regarding the state of the defendant's mental and physical health. On that same day, a hearing on the merits of the divorce libel was held before a Master (*Earl J. Dearborn,* Esq.). Both the plaintiff and defendant attended the hearing. Attorney Boire also attended the hearing, although the parties disagree about

whether Attorney Boire acted as guardian ad litem or as counsel for the defendant at the hearing.

After the hearing, the master recommended that a divorce decree be entered and that the parties' mobile home be awarded to the plaintiff upon the payment of $6,000 to the defendant. The master also recommended that the plaintiff be ordered to pay $100 per month as alimony. The master's recommendations were approved by the Superior Court (*Goode*, J.) on April 24, 1980.

More than a year later, in November 1981, after having retained new counsel, the defendant filed a motion for a rehearing on the issues of alimony and property settlement, alleging that the court's appointment of Attorney Boire as her guardian ad litem was improper. The superior court denied the motion because it was not filed within the thirty days allowed for appeals to this court by Superior Court Rule 74. The defendant then filed a motion for reconsideration, contending that the defendant's motion for rehearing was in effect a motion for a new trial. The motion was referred to a Master (*Earl J. Dearborn*, Esq.) who recommended that the motion for reconsideration be denied because the defendant "failed to allege sufficient facts for granting a reconsideration based on accident, mistake or misfortune or deprivation of any of the defendant's constitutional, common law or statutory rights." *See* RSA 526:1. The master's recommendation was approved by the Superior Court (*Temple*, J.), and the defendant now appeals.

RSA 526:1 provides:

"A new trial may be granted in any case when through accident, mistake or misfortune justice has not been done and a further hearing would be equitable."

■ The granting of a motion for a new trial, after notice and an opportunity to be heard, is within the discretion of the court and will be upheld absent an abuse of discretion. *Burroughs v. Wynn*, 117 N.H. 123, 125–26, 370 A.2d 642, 644 (1977). We find such an abuse of discretion in this case.

The defendant contends that the court's appointment of a guardian ad litem to represent her interests at the divorce proceeding violated RSA 464-A:41 (Supp. 1979), which provides for the appointment of a guardian ad litem for legally incapacitated persons, because she had never been adjudicated legally incapacitated. The defendant claims that the appointment of a guardian ad litem in violation of the statute deprived her of her right to counsel. We agree.

■■ RSA 464-A:41 (Supp. 1979) provides for the appointment of a guardian ad litem to represent a "legally incapacitated" person.

The definition of "incapacity" in RSA 464-A:2, XI (Supp. 1979) indicates that a person is not considered to be "legally incapacitated" unless the procedures specified in RSA chapter 464-A (Supp. 1979) are followed, and a finding of legal incapacity has been made, *see* RSA 464-A:9, III (Supp. 1979). In this case, the defendant was never determined to be incapacitated, and therefore the court erred in appointing a guardian ad litem to represent her interests. Nor was the appointment proper under RSA 458:12 (Supp. 1979), which provides for the appointment of a guardian ad litem for a libelee in a divorce proceeding who is insane. We believe that this section also presumes that a finding of insanity has been made prior to the appointment of a guardian ad litem.

The effect of the appointment of a guardian ad litem for the defendant, who had not been found to be legally incapacitated, was to deny her the right to control the course of the divorce proceedings, and constituted a violation of due process. N.H. CONST. pt. I, art. 15. Because a due process violation "thwarts the process of justice," *see Bricker v. Sceva Speare Hosp.*, 115 N.H. 709, 711, 350 A.2d 623, 625 (1975), the defendant's motion for reconsideration should have been granted. We reverse and remand for a new trial on the issues of alimony and property settlement.

*Reversed and remanded.*

BOIS, J., did not sit.