Merrimack
No. 83-440

## WILLIAM O. WRIGHT, JR.

v.

## CLARK EQUIPMENT COMPANY

July 27, 1984

*Craig, Wenners & McDowell P.A.*, of Manchester (*Joseph F. McDowell, III*, and *James W. Craig* on the brief, and *Mr. McDowell* orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Lee C. Nyquist* on the brief and orally), for the defendant.

DOUGLAS, J. The principal issue raised in this interlocutory appeal is whether the Superior Court (*Cann*, J.) erred in conditionally granting the plaintiff's motion for reconsideration, new trial and to set aside court order. We affirm and remand.

The parties agree to the following facts. On November 30, 1979, the plaintiff, William O. Wright, Jr., suffered serious injuries when the hood of a "front-end loader" tractor shovel manufactured by the defendant, Clark Equipment Company, closed on his arm. Plaintiff's former attorney filed a writ of summons on behalf of the plaintiff against the defendant on a plea of strict liability. The writ alleged that the loader was unreasonably dangerous and also that the plaintiff's injuries were the result of the loader's defective design.

By way of special plea and motion to dismiss, the defendant moved to dismiss the action, alleging that it was barred by RSA 507-D:2, II(a), which provided that "all product liability actions must be commenced . . . no later than 12 years after the manufacturer of the final product parted with its possession and control or sold it, whichever occurred last . . . ." The plaintiff filed a general objection to the defendant's motion to dismiss, and on April 20, 1982, the Superior Court (*Cann*, J.) ordered that the plaintiff file a more specific objection.

Plaintiff's counsel investigated the matter and discovered that the loader, which had caused the plaintiff's injuries, left the possession of the defendant in September 1964. Concluding that the action thus was not commenced within the twelve-year statute of limitations, he chose not to file a more specific objection to the motion to dismiss, and on April 28, 1982, the defendant's motion was granted.

In November 1982, plaintiff's former counsel withdrew from the case and present counsel filed an appearance on behalf of the plaintiff. On November 16, 1982, the present counsel, being aware of the possible constitutional deficiencies of RSA chapter 507-D, filed the motion for reconsideration, new trial and to set aside court order which is the subject of this appeal. The motion alleged that "through accident, mistake and misfortune, and not through neglect, the plaintiff did not object and request a hearing on the defendant's motion to dismiss because of the fact that the plaintiff did not know at the time of the filing of the motion to dismiss that the Supreme Court might consider the provisions of RSA 507-D to be invalid."

The defendant objected to the motion, alleging that the plaintiff's failure to identify the constitutional defect in RSA 507-D:2, II(a) was neglect, and not accident, mistake or misfortune. The defendant further alleged that the plaintiff did not take exception to or appeal

from the dismissal, and that consequently the dismissal constituted a final judgment which barred a reopening of the case.

A hearing was held, and in a decision dáted March 18, 1983, the Superior Court (*Cann,* J.) ordered: "If the Supreme Court rules that RSA 507-D is unconstitutional, then the motion is granted; otherwise, it is denied." The defendant objected to the court's ruling. This court subsequently concluded in July 1983 that RSA chapter 507-D was unconstitutional and voided the chapter in its entirety. *Heath v. Sears, Roebuck & Co.,* 123 N.H. 512, 531, 464 A.2d 288, 299 (1983). This appeal followed.

■■ The plaintiff's motion sought to set aside the court-ordered dismissal of April 28, 1982. It also set out the grounds for a new trial. Although not clearly pleaded, we construe the plaintiff's motion as a motion for a new trial under RSA 526:1. *See Bricker v. Sceva Speare Hosp.,* 115 N.H. 709, 711, 350 A.2d 623, 625 (1975). Further, we recognize that although there was no trial prior to the dismissal in this case, it is not necessary that there be a former *trial* on the merits for RSA 526:1 to offer protection to a party. *See St. Pierre v. Foster,* 75 N.H. 10, 11, 70 A. 289, 289–90 (1908); *Riley v. Emerson,* 5 N.H. 531, 532–33 (1831).

■ The defendant first argues that the dismissal, having been entered and no objection, exception or appeal having been timely filed, constituted a final judgment which must be given *res judicata* effect. This contention, however, is contrary to the law of New Hampshire that no judgment is truly final so long as it is subject to challenge by a motion for a new trial. *Nelson v. Hancock,* 239 F. Supp. 857, 870 (D.N.H. 1965), *rev'd on other grounds,* 363 F.2d 249 (1st Cir. 1966), *cert. denied,* 386 U.S. 984 (1967); *Watkins v. Railroad,* 81 N.H. 363, 366, 127 A. 701, 703 (1924).

"A new trial may be granted in any case when through accident, mistake or misfortune justice has not been done and a further hearing would be equitable." RSA 526:1. The defendant argues on appeal that the plaintiff is not entitled to a new trial because his failure to identify a constitutional defect in RSA chapter 507-D was neglect, and not accident, mistake or misfortune. The plaintiff contends, however, that his reliance on the validity of RSA chapter 507-D and his resultant failure to object to the defendant's motion to dismiss was accident, mistake or misfortune, and not neglect.

■ The conditional grant of a new trial by the court below apparently was due to the court's determination, based upon the evidence before it, that justice required a further hearing. Such a conclusion necessarily implies the determination that plaintiff coun-

sel's reliance on the validity of RSA chapter 507-D was accident, mistake or misfortune, and *not neglect*.

■■ "[I]t is well settled 'that the questions involved in an application for a new trial are questions of fact entirely within the jurisdiction of the superior court." *Jackson v. Smart*, 89 N.H. 457, 458, 200 A. 789, 790–91 (1938) (quoting *McGinley v. Railroad*, 79 N.H. 320, 322, 109 A. 715, 716 (1919)); *see also Brigham v. Hudson Motors, Inc.*, 118 N.H. 590, 593, 392 A.2d 130, 133 (1978). Accordingly, we will not overturn the trial court's determination of whether a new trial should be granted in a particular case unless there has been an abuse of discretion. *Armstrong v. Armstrong*, 123 N.H. 291, 293, 461 A.2d 103, 104 (1983); *Brigham v. Hudson Motors, Inc. supra.*

■■ In the past, this court has stated that a new trial may be granted despite the fact that the alleged ground is due to the accident or mistake of the petitioning party's counsel. *Broderick v. Blaisdell*, 97 N.H. 338, 341, 88 A.2d 174, 176 (1952). More significantly, we have upheld the trial court's grant of a new trial where the error below was due to a mistaken view of the law by counsel. *E.g., Redlon v. Corporation*, 90 N.H. 519, 532, 11 A.2d 821, 828–29 (1940); *see also Watkins v. Railroad*, 80 N.H. 468, 471–76, 119 A. 206, 208–11 (1922) and cases cited therein.

■■ The defendant would have this court rule, as a matter of law, that plaintiff's counsel's reliance on the constitutionality of the statute was negligence. Such a conclusion, however, would contradict the well-settled law of this jurisdiction that legislative acts are presumed valid. *Niemiec v. King*, 109 N.H. 586, 587, 258 A.2d 356, 358 (1969); *Nelson v. Wyman*, 99 N.H. 33, 50, 105 A.2d 756, 770 (1954); *Musgrove v. Parker*, 84 N.H. 550, 551, 153 A. 320, 321 (1931). Thus, rather than rule as a matter of law that it is negligence for an attorney to rely upon the constitutionality of a statute and thus not to litigate its validity, we consider such a determination to be a factual one for the trial court.

■ In the instant case, plaintiff's counsel relied on the validity of the statute of limitations governing the plaintiff's action and allowed the action to be dismissed. "Whether trial counsel['s] . . . predicament resulted from accident, mistake or misfortune, or from deliberate choice or culpable negligence was a question of fact for the Trial Court's determination which we would not be justified in disturbing." *DiPietro v. Lavigne*, 99 N.H. 173, 175, 106 A.2d 395, 397 (1954) (citation omitted). Thus, while the superior court might have found plaintiff's counsel's reliance on the statute to be negli-

gent, we hesitate to conclude that the trial court's order in this case was improper as a matter of law. *See Redlon v. Corporation,* 90 N.H. 519, 532, 11 A.2d 821, 829 (1940); *see also Sylvain v. Estate of Sylvain,* 117 N.H. 546, 549, 375 A.2d 598, 599–600 (1977).

*Affirmed and remanded.*

All concurred.