Coos
No. 85-198
No. 85-540

DIANE HODGDON, ADMINISTRATRIX
w/w/a OF THE ESTATE OF JOHN HODGDON

v.

BEATRICE D. WEEKS MEMORIAL HOSPITAL

July 29, 1986

*Brown and Nixon P.A.*, of Manchester (*Francis G. Murphy, Jr.*, on the brief and orally), for the plaintiff.

*Sulloway, Hollis & Soden*, of Concord (*Eleanor H. Holmes* on the brief and orally), for the defendant.

JOHNSON, J. The defendant appeals, in No. 85-540, from the Trial Court's (*Dunfey*, C.J.) order granting the plaintiff's motion for a new trial in her wrongful death action. The plaintiff appeals, in No. 85-198, from the court's grant of the defendant's motion for summary judgment in the plaintiff's contract action. This is the second time that we have considered this case. In *Hodgdon v. Weeks Memorial Hospital*, 122 N.H. 424, 445 A.2d 1116 (1982), this court held that the plaintiff's wrongful death action, originally brought in 1979, was time-barred by the two-year statute of limitations, RSA 556:11 (1974) (current version at Supp. 1985), and we remanded the case for consideration of the plaintiff's contract claim. In April 1985, in *Gould v. Concord Hospital*, 126 N.H. 405, 493 A.2d 1193 (1985), we held that the two-year statute of limitations was unconstitutional. *Id.* at 409, 493 A.2d at 1196. The plaintiff thereafter filed a timely motion for a new trial in her wrongful death action. RSA 526:1, :4. The trial court granted the motion, and the defendant brought this interlocutory appeal. We affirm the court's grant of the plaintiff's motion for a new trial. Counsel for the plaintiff stated at argument that he did not foresee any need to continue with the contract action should the wrongful death action be permitted to go forward, and we thus deem the plaintiff's contract claim waived.

The underlying facts of this case are reported at length in the parties' first appeal. *Hodgdon, supra* at 426, 445 A.2d at 1117. The purely procedural issue before us requires only the following recitation of the facts. The decedent died on January 14, 1977, approximately three weeks after he was injured in an automobile accident. In April 1979, approximately two years and two months after the

death, the plaintiff commenced a wrongful death action. In the last appeal, we held that her wrongful death action was time-barred by RSA 556:11 (1974) (current version at Supp. 1985) (hereinafter "former RSA 556:11"). *Hodgdon*, 126 N.H. at 426, 445 A.2d at 1117–18. In May 1985, the plaintiff filed a motion for a new trial, based upon this court's holding in *Gould.*

■ RSA 526:1 provides that "[a] new trial may be granted in any case when through accident, mistake or misfortune justice has not been done and a further hearing would be equitable." The grant of a motion for a new trial is within the discretion of the trial court, and we will not overturn the court's determination absent an abuse of discretion. *Armstrong v. Armstrong,* 123 N.H. 291, 293, 461 A.2d 103, 104 (1983).

■ The defendant contends that the doctrine of res judicata bars the plaintiff from relitigating issues in a new trial that could have been adjudicated in a prior proceeding. *See In re Alfred P.,* 126 N.H. 628, 629, 495 A.2d 1264, 1265 (1985). We have held, however, that when a case has been dismissed, res judicata does not bar a motion for new trial in the same action. *Wright v. Clark Equipment Co.,* 125 N.H. 299, 302, 480 A.2d 146, 147 (1984). "[N]o judgment is truly final so long as it is subject to challenge by a motion for a new trial." *Id.* Although the instant case differs from *Wright* insofar as an appellate decision from this court was issued in this case, that is irrelevant for purposes of res judicata, which precludes different actions for the same cause of action. The judgment is therefore still open to challenge by a motion for a new trial. The trial court's dismissal of the plaintiff's wrongful death case thus did not bar a motion for new trial so long as the three-year period for filing such a motion, RSA 526:4, had not yet run.

Furthermore, the defendant asserts that the trial court erred in concluding that the plaintiff's counsel's reliance on the constitutionality of the two-year statute of limitations, former RSA 556:11, constituted "accident, mistake or misfortune" within the meaning of RSA 526:1. The court's ruling necessarily included a determination that counsel's reliance on the constitutionality of the statute was not neglect. *Wright, supra* at 303, 480 A.2d at 148. We have upheld a grant of a motion for a new trial where error below was due to counsel's mistaken view of the law. *See id.*

In *Wright,* we held that failure to identify a constitutional defect in a statute of limitations was not neglect. 125 N.H. at 303, 480 A.2d at 148. The defendant contends, however, that the plaintiff's failure to raise the constitutionality of RSA 556:11, once this court had decided *Carson v. Maurer,* 120 N.H. 925, 424 A.2d 825 (1980), con-

stituted neglect. *Carson* changed the constitutional standard for evaluating restrictions on the right to recover for personal injuries, *id.* at 931–32, 424 A.2d at 830, and *Gould* relied on this new standard in invalidating former RSA 556:11. 126 N.H. at 408–09, 493 A.2d at 1196. We do not believe that counsel's failure to anticipate our decision in *Gould* constitutes neglect, especially where counsel relied on an explicit ruling by this court which declared former RSA 556:11 constitutional. *Burke v. Fireman's Fund Ins. Co.*, 120 N.H. 365, 368, 415 A.2d 677, 679 (1980).

In deciding that reliance on the constitutionality of a statute of limitations later held unconstitutional entitles the plaintiff to a new trial, we note that the defendant is in no way prejudiced by this ruling. As the trial court observed, "[t]he defendant's assertion that they (sic) may have destroyed evidence in reliance on the 1982 holding that the tort action was barred is not convincing since no final judgment was ever entered in the instant case and a related action is still pending . . . ." We need not reach the question of the retroactive effect of our decision in *Gould* because the statutory right to a new trial requires no analysis of judicial retroactivity.

 We therefore hold that plaintiff's counsel's reliance on the constitutionality of the two-year statute of limitations constituted "accident, mistake or misfortune" within the meaning of RSA 526:1, and our ruling in *Gould* entitles the plaintiff to a new trial. A judicial change in the law will only entitle a litigant to a new trial within the three-year period (RSA 526:4), however, where there has been an actual judicial decision which affects the litigant's case. The three-year period in which a litigant may move for a new trial is not intended to allow a party to construct arguments never before raised, but rather is intended to permit further proceedings when "justice has not been done." RSA 526:1.

*Affirmed.*

KING, C.J., did not sit; the others concurred.