**Paul E. KEROUAC, et al.**

v.

**FEDERAL DEPOSIT INSURANCE CORP. as Liquidating Agent and Receiver of Numerica Savings Bank, FSB.**

**Civ. No. 91–542–M.**

United States District Court,
D. New Hampshire.

June 30, 1993.

</p>

Deborah Ann Burke, Nashua, NH, for plaintiffs.

Mark F. Weaver, Portsmouth, NH, for defendant.

### ORDER

McAULIFFE, District Judge.

This case arises out of a lending relationship between plaintiffs, Paul and Karen Kerouac, and Numerica Savings Bank, FSB ("Numerica"), dating back to 1981. Sometime after February, 1989, plaintiffs apparently defaulted on loans extended by Numerica. On October 10, 1991, Numerica was declared insolvent and the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver. On that same day, plaintiffs filed a writ of summons in Hillsbor-

ough County (New Hampshire) Superior Court, alleging that Numerica breached duties of good faith and fair dealing, breached its fiduciary duty, and made fraudulent misrepresentations to plaintiffs in inducing them to seek credit from Numerica.

The FDIC, as receiver of Numerica, removed the pending state case to this Court and now moves to dismiss plaintiffs' complaint, arguing that their claims are barred under 12 U.S.C. section 1823(e) and the doctrine of *res judicata.*

### I.  Standard of Review.

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In considering a motion to dismiss, "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered if the plaintiff is not entitled to relief under any set of facts he could prove." *Chasan v. Village District of Eastman,* 572 F.Supp. 578, 579 (D.N.H.1983), *aff'd without opinion,* 745 F.2d 43 (1st Cir.1984) (citations omitted).

### II.  Facts.

Plaintiffs are the owners and operators of a small business, known as PK's Garden Center, located in Nashua, New Hampshire. Plaintiffs began their lending relationship with Numerica in 1981, seeking the Bank's assistance in securing a Small Business Administration Loan. In 1985, a loan officer informed plaintiffs that Numerica had money available to loan, with which plaintiffs might expand their business. Plaintiffs decided to seek additional capital through Numerica to fund a bark mulch bagging operation. In connection with making the loans, Numerica required plaintiffs to submit a business plan, outlining the proposed bark mulch bagging operation, as well as a financial statement for January 1, 1985 through July 31, 1985. The financial statement showed that plaintiffs' garden center had operated at a profit for the first seven months of 1985.

In December, 1985, Numerica approved plaintiffs' loan application and arranged to make two short-term loans. However, plaintiffs contend their garden center *had* completed 1985 operations at a net loss, a fact which was known before the loans were closed in February, 1986. Plaintiffs claim that they offered to submit an updated financial statement showing the net loss, but Numerica declined, stating that the loans would be extended on the basis of the existing financial statement. Plaintiffs argue that Numerica knew, or should have known, that the garden center was a seasonal business, thereby producing an unrepresentative financial statement for the first seven months of the year, and knew or should have known that the business did not generate sufficient annual cash flow to support the loans Numerica extended to them. Plaintiffs also state that when their accountant questioned the financial situation in which these loans placed them, Numerica directed them to fire the accountant and to hire a Certified Public Accountant from a list provided by Numerica.

When plaintiffs later defaulted on their loan obligations, Numerica threatened to call the notes. Numerica demanded that plaintiffs bring the notes current and instructed them to reduce their other debt service by selling assets. Despite plaintiffs' default on their existing notes, Numerica loaned them an additional $250,000.00 to bring other loans current. Plaintiffs claim that they were under duress when they accepted this additional loan and when they conveyed additional security interests to Numerica to secure their obligations. On two subsequent occasions, Numerica made additional loans to plaintiffs totalling $75,000.00 and $100,000.00, respectively. With each successive loan, Numerica took additional security and acquired a greater interest (in the form of security interests and personal guarantees) in plaintiffs' assets.

In May, 1991, plaintiffs filed suit against Numerica in Hillsborough County Superior Court, alleging, in four Counts: (i) breach of implied covenant of good faith and fair dealing; (ii) breach of fiduciary duty; (iii) tortious interference with contractual relations;

and (iv) fraudulent misrepresentation (the "Original Writ"). Numerica moved to dismiss the Original Writ, arguing that the New Hampshire statute of limitations barred plaintiffs' action insofar as it related to loans made in December, 1986 and December, 1987. Numerica also asserted that plaintiffs had failed to state a claim upon which relief might be granted.

After reviewing plaintiffs' Original Writ and holding a hearing, at which counsel for plaintiffs and Numerica made offers of proof, the Hillsborough County Superior Court (Hampsey, J.) dismissed plaintiffs' Original Writ. Viewing the allegations set forth in the writ most favorably to plaintiffs, the Superior Court held that Counts I, II and IV failed to state a claim upon which relief might be granted. The court also held that Count III, relating to tortious interference with contractual relations, was barred by the applicable New Hampshire statute of limitations. On the record presently before this Court, it does not appear that plaintiffs filed a motion for reconsideration of that dismissal, nor does it appear that they sought leave of the state court to file an amended complaint.

Subsequently, in November of 1991, plaintiffs initiated a new action in Hillsborough County Superior Court against Numerica. Although they stated the facts upon which they rested their claims for legal redress in greater detail, plaintiffs realleged three of the four Counts contained in the Original Writ (the plaintiffs did not restate Count III of the Original Writ, which the court had held barred by the statute of limitations). The FDIC, as receiver of Numerica, removed the second state court action to this Court and now moves to dismiss plaintiffs' complaint for failure to state a cause of action, and as barred by the doctrine of *res judicata*.

Because plaintiffs' action is barred by the doctrine of *res judicata*, the court need not consider whether plaintiffs' claims are also barred by 12 U.S.C. section 1823(e) and/or the doctrine established by the Supreme Court in *D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942).

## III. Res Judicata.

■ The Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, commands federal courts to employ state rules of *res judicata* when determining the preclusive effect, if any, to be given to a state court determination. In *Marrese v. American Academy of Ortho. Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985), the Supreme Court held:

> The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken. 28 U.S.C. § 1738. This statute directs a federal court to refer to the preclusion law of the State in which judgment was rendered. "It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken."

*Id.* at 380, 105 S.Ct. at 1331 (citations omitted). Accordingly, the Court will apply the principles of *res judicata* as developed by the New Hampshire Supreme Court.

"The doctrine of res judicata precludes the litigation in a later case of matters actually litigated, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action." *In re Alfred P.*, 126 N.H. 628, 495 A.2d 1264 (1985) (citations omitted). "In order for res judicata to apply to a finding or ruling, there must be 'a final judgment by a court of competent jurisdiction [that] is conclusive upon the parties in a subsequent litigation involving the same cause of action.'" *Petition of Donovan*, — N.H. —, 623 A.2d 1322 (1993) quoting *Marston v. U.S. Fidelity & Guaranty Co.*, 135 N.H. 706, 710, 609 A.2d 745, 747 (1992). The term 'cause of action' is defined as 'the right to recover, regardless of the theory of recovery.' *Eastern Maine Constr. Corp. v. First Southern Leasing, Ltd.*, 129 N.H. 270, 274, 525 A.2d 709, 712 (1987) (citations omitted).

In the present case, this Court must determine whether the state court's dismissal of plaintiffs' Original Writ constitutes a final determination on the merits. Plaintiffs claim that their Original Writ was never resolved on the merits, and therefore can be given no preclusive effect:

> The Plaintiffs' original Writ of Summons in the State Court was never resolved on the merits, did not proceed to a final judgment and was never actually litigated. The Court heard no evidence on the pleadings, and considered only the pleadings themselves. When the Court determined that the Plaintiffs had not alleged enough to state a cause of action against Numerica, the *Plaintiffs were entitled to re-file their Writ of Summons stating with more particularity what their allegations against Numerica were.*

Plaintiffs' Objection to FDIC's Motion to Dismiss at 9 (emphasis added). Plaintiffs imply that because they were *entitled to amend* their Original Writ, they were necessarily also at liberty to initiated a *new* action based upon a different writ. The Court is constrained by applicable law to disagree with both plaintiffs' predicate and the conclusion they draw from it.

■ Under New Hampshire law, while motions to amend pleadings are liberally granted, the decision to allow an amendment remains one committed to the sound discretion of the trial court. *Belcher v. Paine*, 136 N.H. 137, 612 A.2d 1318 (1992); *LaRoche v. Doe*, 134 N.H. 562, 594 A.2d 1297 (1991). A decision to grant leave to amend the Original Writ was not one for plaintiffs to make for themselves; amendment was not a procedural right to which they were entitled as a matter of law. Intentionally or not, plaintiffs essentially circumvented the state court's discretionary check by dropping their original action against Numerica and initiating a second, virtually identical action against the same party. They should have filed a motion requesting the state court to reconsider its dismissal of their Original Writ. Alternatively, plaintiffs should have filed a motion seek-

ing leave to amend the Original Writ. If the state court had denied either motion, plaintiffs would have been entitled to an appeal. They did not seek reconsideration, leave to amend, or an appeal of the dismissal.

■ In the context presented here, a state dismissal for failure to state a cause of action upon which relief may be granted, if not modified or appealed, operates as a final judgment on the merits under New Hampshire law. *ERG, Inc. v. Barnes,* —— N.H. ——, 624 A.2d 555 (1993) ("dismissal of a writ for failure to state a cause of action is a dismissal on the merits.... Once leave to amend has been given, a second action will be precluded *where the plaintiff fails to amend* or the amendment fails to cure the deficiency.... *[plaintiff's] remedy from the trial court's denial of the motion to amend ... was to appeal, not to file a new action.*") (emphasis added); *Colebrook Water Co. v. Commissioner of Dept. of Public Works & Highways,* 114 N.H. 392, 324 A.2d 713 (1974) ("a dismissal for failure to state a cause of action does not rest upon a purely procedural ground, but rather upon the conclusion of the trial judge that the cause alleged is without substantive merit"). Although not directly applicable in this context (because New Hampshire law applies), federal cases addressing this issue and applying federal and state law support the familiar premise that a dismissal for failure to state a cause of action is a dismissal on merits. *See Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 2428 n. 3, 69 L.Ed.2d 103 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.' "); *Isaac v. Schwartz,* 706 F.2d 15 (1st Cir.1983) ("The state court entered a valid, final judgment against appellant in the first case. Under Massachusetts law, as elsewhere, a dismissal for failure to state a claim ... operates as a dismissal on the merits."); *Carter v. Money Tree Company,* 532 F.2d 113 (8th Cir.1976) ("We affirm the judgment of the district court. A dismissal for failure to state a claim is *res judicata* as to the then existing claim which plaintiff was attempting to state."), *cert. denied,* 426 U.S. 925, 96 S.Ct. 2636, 49 L.Ed.2d 380 (1976); *Rinehart v. Locke,* 454 F.2d 313, 315 (7th Cir.1971) ("We

are persuaded that under [Fed.R.Civ.P. 41(b)] an order of a district court which dismisses a complaint for failure to state a claim, but which does not specify that the dismissal is without prejudice, is *res judicata* as to the then existing claim which it appears plaintiff was attempting to state."); *See also* Fed.R.Civ.P. 41(b) (dismissal for failure to state a cause of action, unless otherwise specified by the court, is an adjudication on the merits); 1B Moore's Federal Practice, para. 0.409[1.–2] at 139 ("When a judgment has been entered dismissing an action, and the order does not state that it is without prejudice, and the plaintiff believes that it was not intended to bar a new suit, ... minimum caution dictates that the plaintiff make timely motion to amend the judgment to make the point clear, and if unsuccessful, appeal."). *But cf. Hodgdon v. Beatrice D. Weeks Memorial Hospital,* 128 N.H. 366, 515 A.2d 1199 (1986) ("No judgment is truly final so long as it is subject to challenge by a motion for a new trial."); *Wright v. Clark Equipment Co.,* 125 N.H. 299, 480 A.2d 146 (1984) ("The defendant first argues that the dismissal, having been entered and no objection, exception or appeal having been timely filed, constituted a final judgment which must be given *res judicata* effect. This contention, however, is contrary to the law of New Hampshire that no judgment is truly final so long as it is subject to challenge by a motion for a new trial.... Thus, ... we hesitate to conclude that the trial court's order [to grant a new trial] was improper as a matter of law."); *LaRoche v. Doe,* 134 N.H. 562, 565, 594 A.2d 1297, 1300 (1991) (dismissal without prejudice and upon a procedural ground is not equivalent to a dismissal on the merits.).

Here, unlike in the *Wright* and *Hodgdon* cases, *supra,* plaintiffs did not file a motion for a new trial, but simply took the liberty of initiating a new suit, alleging the same underlying facts and the same causes of action which the state court previously dismissed. And, unlike in the *LaRoche* case, *supra,* plaintiffs' Original Writ was not dismissed on procedural grounds. Rather, the state court reviewed the pleadings in a light most favorable to plaintiffs, accepted offers of proof from plaintiffs' counsel and then determined

that plaintiffs had failed to state cognizable causes of action. Dismissal for failure to state a cause of action is a dismissal on the merits. *ERG, Inc. v. Barnes,* —— N.H. ——, 624 A.2d 555 (1993).

Finally, plaintiffs's action is not saved from dismissal by virtue of N.H.Rev.Stat.Ann. ch. 508:10 ("Chapter 508:10"), or New Hampshire Superior Court Rule 74. Chapter 508:10 provides:

> **Second Suit.** If judgment is rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ of error thereon, *and the right of action is not barred by the judgment,* a new action may be brought thereon in one year after the judgment.

(emphasis added). Here, the causes of action pled in plaintiffs' second writ are barred by the doctrine of *res judicata* as a result of the Superior Court's prior decision on the merits dismissing the Original Writ. By its express terms, Chapter 508:10 does not apply to plaintiffs' second state court writ. *See e.g., Barton v. Barton,* 125 N.H. 433, 480 A.2d 199 (1984) (holding that a judgment entered for failure to comply with discovery rules constitutes a judgment on the merits, precluding application of this savings statute.)

New Hampshire Superior Court Rule 74(a) provides that where, as here, the court enters a judgment on the merits and the non-prevailing party fails to file a timely motion or fails to appeal the decision to the New Hampshire Supreme Court, final judgment shall be entered thirty days following the Clerk's written notice that the court has issued such a judgment on the merits. Plaintiffs do not allege, nor does it appear that they could allege, that a timely motion or an appeal to the New Hampshire Supreme Court was filed.

Accordingly, the Superior Court's order dismissing plaintiffs' Original Writ, while it might once have been subject to modification or appeal, must be given preclusive effect in this and all subsequent actions involving the same parties and the same underlying facts and causes of action. Defendant's Motion to Dismiss (document no. 12) is granted. Plaintiffs' Motion to Stay Consideration of Motion to Dismiss Until Discovery of Bank Files is Completed and for Discovery (document no. 13) is moot.

SO ORDERED.