Ellis v. Quincy Savings BAnk        CV-95-107-B    01/08/96

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Norma Ellis, et al.

        v.                                    Civil No.95-107-B

Quincy Savings Bank, et al.


**O R D E R**


Norma and Richard Ellis owned residential property in Rochester, New Hampshire.  On April 25, 1988, the Ellises executed a note and a mortgage encumbering the property in favor of Resource Financial Group, Inc.  Resource assigned the mortgage to defendant Lincoln Trust Co., Inc. and Lincoln later merged with defendant Quincy Savings Bank.  Quincy commenced foreclosure proceedings after the Ellises defaulted.  Litigation ensued and the foreclosure sale occurred on December 16, 1993.

The Ellises commenced a Chapter 13 bankruptcy proceeding in January 1994, and the bankruptcy was converted to a Chapter 7 proceeding on March 25, 1994.  On March 30, 1994, the Ellises filed suit against Lincoln, Quincy, and Quincy's parent, Excel Bancorp, Inc., in Massachusetts state court.  The defendants promptly removed the case to federal court and the trustee in

bankruptcy was substituted for the Ellises.  The Massachusetts lawsuit alleged eight different causes of action arising from what the Ellises contended were unconscionable terms in the note and mortgage and a pattern of fraudulent conduct by the defendants after the loan proceeds were disbursed.  On January 9, 1995, the court granted defendants' motion to dismiss for failure to state a claim and judgment was entered in defendants' favor.

The Ellises filed this action on or about January 24, 1995 in Strafford County Superior Court and defendants removed the case to this court.[1]  Plaintiffs claim wrongful foreclosure under New Hampshire law.  See generally, N.H. Rev. Stat. Ann. 479:25(II)(a); Bascom Construction v. City Bank and Trust, 137 N.H. 472, 475 (1993).  They base this claim on an alleged pattern of misconduct by the defendants dating back to January 17, 1990 and running through the date of the foreclosure.  Specifically, they claim that the defendants are liable because they (1) failed to timely disclose the assignment of the mortgage to Lincoln and Lincoln's merger with Quincy; (2) failed to conduct the foreclosure sale according to New Hampshire law; and (3)

---

[1]  Another plaintiff in the action, Martin Hodas, has filed a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(i) with respect to his claims.

unreasonably scheduled the foreclosure sale during the holiday season.

Defendants have moved to dismiss, arguing among other things that the plaintiffs' claim is barred by res judicata. I treat the motion as a motion for summary judgment. See Fed. R. Civ. P. 12(b) ("if on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . .). Accordingly, I construe the record using the familiar summary judgment standard. See Oliver v. Digital Equipment Corp., 846 F.2d 103, 105 (1st Cir. 1988).

As the First Circuit recognized in United States v. Alky Enterprises, Inc., 969 F.2d 1309, 1311 (1st Cir. 1992):

> There are three essential elements to a claim of *res judicata*: (1) a final judgement on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties or privies in the two suits.

The parties do not disagree concerning the first element. A "[d]ismissal for failure to state a cause of action is a dismissal on the merits," Kerouac v. FDIC, 825 F. Supp. 438, 443 (D.N.H. 1993), and plaintiffs do not argue otherwise.

3

The Ellises argue that their claims in the Massachusetts action are not identical to their claim in this case because the Massachusetts action focused on the unconscionability of the note and mortgage whereas this case focuses on defendants' conduct after the note and mortgage were issued. I disagree. Even if two actions are based on different legal theories, they will be considered identical for res judicata purposes if the claims in both cases are "founded upon the same transaction, [arise] out of the same nucleus of operative facts, and [seek] redress for essentially the same basic wrong." Kale v. Combined Insurance Co., 924 F.2d 1161, 1166 (1st Cir. 1991), cert. denied, 502 U.S. 816 (1991). Plaintiffs' claim in the present case, like their claims in the Massachusetts action, are based on an alleged pattern of misconduct by the defendants in their dealings with the plaintiffs concerning the note and mortgage in the months and years leading up to the 1993 foreclosure. Accordingly, both sets of claims arise from the same nucleus of operative fact and seek redress for the same basic wrong.

The Ellises' final argument is that the Massachusetts action cannot serve as a basis for defendants' res judicata claim because the Ellises' interest in the case was taken over by the

4

trustee in bankruptcy before the case was dismissed.  Again, I disagree.  <u>Res</u> <u>judicata</u> applies both to the named parties in a prior action and to others who are in privity with the named parties.  <u>Alky</u>, 969 F.2d at 1311.  Moreover, privity may be established "by identification of interests, even where representation of those interests is not authorized."  <u>In Re Medomak Canning</u>, 922 F.2d 899, 901 (1st Cir. 1990).  The Ellises' claims in the Massachusetts litigation became the property of the estate once they sought bankruptcy protection.  <u>In Re Ozark Restaurant Equipment Co.</u>, 816 F.2d 1222, 1225 (8th Cir. 1987), <u>cert. denied</u>, <u>Jacoway v. Anderson</u>, 484 U.S. 848 (1987) (causes of action belonging to a Chapter 7 debtor at commencement of bankruptcy proceedings are property of the estate).  Moreover, the trustee appointed in bankruptcy is "`a representative of the estate,' 11 U.S.C. § 323, and as such he owes a fiduciary duty to debtor and creditors alike to act fairly and protect their interests."  <u>In Re Whet, Inc.</u>, 750 F.2d 149 (1st Cir. 1984).  Therefore, the Ellises were in privity with the trustee in bankruptcy when he succeeded them as the plaintiff in the Massachusetts litigation.

Since all of the elements of <u>res judicata</u> are satisfied, defendants' motion for summary judgment (document no. 6) is granted.[2]

---

[2] Pursuant to my order dated November 28, 1995, plaintiffs Norma Ellis and Richard Ellis submitted an amended complaint in which they claim that defendants (1) violated the Massachusetts Consumer Protection Act, M.G.L. c. 93A, (2) violated the similar New Hampshire Business Practices Act, N.H. Rev. Stat. Ann. 358-A, and (3) intentionally/negligently inflicted emotional distress on them. Plaintiffs also claim that defendant Quincy Savings Bank (1) wrongfully foreclosed on their property, violating N.H. Rev. Stat. Ann. 358-A, (2) breached its contract with plaintiffs, and (3) did not act in good faith, violating section 1-203 of the Uniform Commercial Code, as adopted by New Hampshire and Massachusetts. Plaintiffs also claim that I must impose an constructive trust on the property subject to the foreclosure.

I now grant summary judgment only on plaintiffs' wrongful foreclosure claim. I do not decide whether plaintiffs' other claims are also barred by res judicata. In deciding to grant summary judgment on the wrongful foreclosure claim, I do not consider facts alleged in plaintiffs' amended complaint. Pursuant to Rule 12(b)(6), in an Order dated December 6, 1995, I notified the parties that I would treat defendants' motion to dismiss as a motion for summary judgment, and I gave them until December 27, 1995, to submit additional material pertinent to a motion for summary judgment. Neither party submitted anything before the deadline. Furthermore, defendants' motion is supported by documentation of dismissal by the United States District Court for the District of Massachusetts on January 9, 1995. Plaintiffs cannot rely on mere allegations to challenge it (although the amended complaint was written and signed by the plaintiffs, much of it is not based upon their personal knowledge). <u>See</u> Fed. R. Civ. P. 56(e). Finally, none of the additional facts alleged in the amended complaint are material to my determination that the wrongful foreclosure claim is barred by res judicata.

SO ORDERED.


_____
Paul Barbadoro
United States District Judge


January 8, 1996

cc:   Norma Ellis
      Richard Ellis
      Martin Hodas
      Peter D. Anderson, Esq.
      George Fairbanks, III, Esq.