**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0316, <u>Mohamed F. Hafez v. 100 Northeastern Boulevard, LLC & a.</u>, the court on May 4, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, 100 Northeastern Boulevard, LLC and Mile High Real Estate Management, LLC, appeal the order of the Superior Court (<u>Colburn</u>, J.), following a bench trial, concluding that they were unjustly enriched, and ordering them to pay restitution to the plaintiff, Mohamed F. Hafez. The defendants argue that the trial judge erred in: (1) failing to recuse herself from the case; (2) denying their motion for a new trial; and (3) concluding that the defendants were unjustly enriched.

At the outset, we reject the defendants' arguments that the trial court erred in denying them a new trial before a different judge, and that the trial judge should have disqualified herself to avoid the appearance of bias or lack of impartiality. It is a long-standing rule that parties may not have judicial review of matters not raised in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). As the trial court noted in its order on reconsideration, the defendants did not request a new trial before a different judge, or that the judge recuse herself in this case. Accordingly, we conclude that these issues are not preserved for review. See <u>id</u>. We note, however, that even if these issues had been preserved, we would find no error. The fact that the trial judge made a mistake in taking judicial notice of signatures on public documents does not mean that she was biased against the defendants, or that she could not consider the remaining evidence impartially after disregarding the documents and correcting her findings. <u>Cf.</u> <u>State v. Bader</u>, 148 N.H. 265, 270 (2002) (noting that, typically, the same judge will try a case on remand). Moreover, we conclude that no reasonable person would have questioned the judge's impartiality based upon this record, and that no factors were present that would have <u>per se</u> disqualified her from participating in this case. See <u>id</u>. at 268-71.

We next address whether the trial court erred in denying the defendants' motion for a new trial. We will not overturn a trial court's determination of whether a new trial should be granted absent an unsustainable exercise of discretion. <u>Wright v. Clark Equipment Co.</u>, 125 N.H. 299, 303 (1984); <u>State v.</u>

Lambert, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

In its original order on the merits, the trial court found that a witness for the defendants, the chief financial officer of an entity that had contracted with one of the defendants in a real estate transaction, had lied to the court by testifying that he had signed a purchase and sale agreement as a witness to the parties' signatures on the document. In reaching this conclusion, the trial court relied upon an exhibit in this case and took judicial notice, sua sponte, of the signature of a person with the same name as the financial officer on documents filed in the Hillsborough County Registry of Deeds and Merrimack County Superior Court. In their motion for reconsideration, the defendants notified the trial court that although the person who signed the publicly recorded documents had the same name as the witness who testified in this case, it was not the same person.

In its order on the defendants' motion for reconsideration, the trial court acknowledged its mistake and revised its prior order. See In the Matter of Kelly & Fernandes-Prabhu, 170 N.H. 42, 46 (2017) (noting that a motion for reconsideration gives the trial court an opportunity to correct errors). The court decided not to take judicial notice of the documents referred to in its original order, vacated its finding that the witness lied, and vacated footnote five of its original order, in which the court discussed other documents recorded in the registry that evidenced "unusual" real estate transactions involving parties closely related to the defendants in this case.

After reconsidering its decision on the merits without considering the documents and evidence of which it had taken judicial notice, the court concluded that "the evidence still overwhelmingly supports its original findings." The court found that it had other reasons to doubt the financial officer's credibility, including the fact that he did not produce any documentation to support his testimony that the entity that employed him received $100,000 from one of the defendants in this case, which "was a central issue in this case." We defer to a trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. O'Malley v. Little, 170 N.H. 272, 275 (2017).

The court also found that it had separate reasons to doubt the credibility of the defendants' main witnesses, including the inconsistent testimony of one of the witnesses and the lack of documentation supporting the defendants' claims. Moreover, the court noted that its "ultimate decision" was "largely based on the plaintiff's credible demeanor and testimony," as well as his submission of documents that supported his version of events. See id. Accordingly, the court concluded that a new trial would serve no purpose because the court "would simply hear the same evidence for a second time."

Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in denying the defendants' motion for a new trial.  See Wright, 125 N.H. at 303; Lambert, 147 N.H. at 296.

Finally, the defendants argue that the court erred in concluding that they were unjustly enriched, asserting that "too much of [its decision] is based upon the court's independent research."  We disagree.  The propriety of affording equitable relief in a particular case rests in the sound discretion of the trial court.  Foley v. Wheelock, 157 N.H. 329, 332 (2008).  Accordingly, the party asserting that a trial court order is unsustainable must demonstrate that the ruling was unreasonable or untenable to the prejudice of his case.  Id.

The court found that the defendant that received the plaintiff's $100,000 payment was unjustly enriched because, "at the very least," the payment caused the defendant's landlord to postpone any collection or eviction proceedings against it.  The court found that the plaintiff's payment permitted the defendant to remain in the property for a "substantial amount of time," and that, as a result, it "was able to continue to collect rent from its sublessee."  The court found that, although the plaintiff paid the $100,000 to purchase the property at issue, the defendant "made little to no effort to close on the property without any justifiable excuse, and therefore squandered the plaintiff's investment and the benefit bestowed by it."

The court also found that the defendant that received the plaintiff's separate payments totaling $26,925 presented "no credible evidence" to show that it used the payments for expenses related to the purchase of the property, as the defendants had represented to the plaintiff.  Rather, the court found, the defendant kept the funds for its own use.  We conclude that the defendants have failed to demonstrate that the trial court unsustainably exercised its discretion in concluding that the defendants were unjustly enriched and ordering them to pay restitution to the plaintiff.  See id.

Affirmed.

Lynn, C.J., and Bassett, J., concurred; Smukler, J., retired superior court justice, specially assigned under RSA 490:3, concurred.

**Eileen Fox,
Clerk**